1841.

Ring
v.
Gibbs.

RING and another *v.* GIBBS and another.

In an action on a *bond* given to release from seizure property taken under *summary proceedings*, it is not permitted to the *obligor* to object that the bond does not conform to the terms of the statute under which the proceedings were had, but is broader than its requirements.

*It was accordingly held* in this case, that a bond conditioned for the payment of *all subsisting liens*, on a ship which had been seized under a warrant, was a good and valid obligation, although the statute only requires a bond for the payment of *such demands as were exhibited to the officer* granting the warrant.

ERROR from the Supreme Court. Ring and another brought an action of *debt* in the New-York common pleas against Gibbs and another, on a *bond* executed by the defendants to release from arrest a ship against which *summary proceedings* had been had under the statute, 2 *R. S.* 493. The plaintiffs declared setting forth the bond, and the condition in these words:—"To which said bond or writing obligatory, a condition was underwritten, that if the said W. C. G. and C. V. S. K. pay the amount of *all such demands as shall be established to have been subsisting liens* upon the vessel or ship the *Annawan, pursuant to the provisions of the eighth title,* of the eighth chapter of third part of the Revised Statutes, then the said obligation was to be void, otherwise to remain in full force and virtue." The plaintiffs then aver, that there was justly due to them at the time of the execution of the bond, $269.95, for work and labor done by them and their servants, and for materials furnished in and about the supplying and repairing of the said ship, owned by W. C. G. one of the defendants, and which debt was contracted with the plaintiffs by D. H. R. the *agent* or *consignee* of the ship, at the port of New-York; and that the claim of $269.95, was a subsisting lien on the ship at the time of the exhibition of the claim before J. T. I. first judge of the New-York common pleas, under and in pursuance of the Revised

Statutes, and that the bond was duly executed and taken under and by virtue of the said statutes, in consequence of an application duly made to the first judge. They then assign as a breach of the condition of the bond, that the said claim had not been paid or satisfied, (although to pay the same, the defendants had been often requested, &c.) whereby an action had accrued to them, (the plaintiffs,) to demand and have of the defendants the sum of $530.86, the penalty of the bond. The defendant K. who alone was brought into court, pleaded *non est factum.* An *oyer* appeared upon the record, but oyer had not been craved, and was not enrolled. The jury found the making of the bond, that the claim of $269.95, was a subsisting lien upon the ship *Annawan* at the time of the exhibition of the claim as alleged in the declaration, and that the defendants did not pay the same; and they assessed the damages of the plaintiffs at $269.98, for which sum with costs, judgment was rendered. The *defendants* sued out a writ of error, removing the record into the supreme court, where the cause was argued by:

*C. V. S. Kane,* for the plaintiffs in error, who insisted that the declaration is bad in substance in omitting to state that *an attachment* had been issued; by whom it was issued, and when and where; in omitting also, to state that the attachment had been levied; that a bond had been taken, and been *approved;* and that the application for the attachment was made in writing, duly verified by affidavit; and that the vessel, at the time, was in the port of New-York. He therefore contended, that enough was not shewn to confer jurisdiction upon the judge to issue the process, and as the want of jurisdiction appeared upon the record, advantage might be taken of it by writ of error. *Dakin* v. *Hudson,* 6 *Cowen* 221. *Wyman* v. *Mitchell,* 1 *Id.* 316. *Beach* v. *King,* 17 *Wendell* 197. 6 *Cowen* 234. 9 *Id.* 227. 9 *Wendell* 465. The declaration, he also said, was · defective in not averring that the work was done and ma-

1841.

Ring
v.
Gibbs.

terials found *at the request* of the agent. 2 *R. S.*, 496, §
16. He also contended that the *bond* was not conformable
to the statute, which requires that it shall be conditioned
for the payment of all such claims and demands as shall
have been exhibited, which shall be established to have
been subsisting liens upon the vessel at the time of exhibit-
ing the same to the officer granting the attachment, § 13;
whereas the bond declared upon is for the payment of *all
demands which shall be established to have been subsisting
liens* upon the vessel, and was therefore voidable at the
option of the obligors. 4 *Cowen* 80, 540; 6 *Id*. 592, 593;
*Id*. 585; 7 *Id*. 423; *Id*. 468; 9 *Id*. 227; 17 *Wendell* 70.
He also insisted that the *bond* as declared upon, varied from
the *oyer* delivered in its *date*. In setting forth a bond the
date is material, *Arch. Pl.* 115, and although the court
below might have allowed an amendment, it has not done
so. The error, therefore, appears upon the record, and is
available.

*J. Nathan* for the defendants in error, insisted that the
declaration complied substantially with all the requirements
of the statute. The averment that the debt was contract-
ed by D. H. R. the agent or consignee of the ship, is equi-
valent to an allegation of *request*. A bond to pay demands
which shall be established to have been subsisting liens,
*pursuant to the provisions of the statute*, is synonymous
with a bond to pay demands subsisting *at the time of ex-
hibiting them to the officer*, because pursuant to the sta-
tute, the obligors are liable only for such latter demands.
But admitting the bond to vary from the terms of the sta-
tute, it is not therefore void. *Van Deusen* v. *Hayward*,
17 *Wendell* 67. The obligors had relieved the ship from
arrest, and should not be permitted to avail themselves of
a departure from the terms of the statute, in a bond vol-
untarily executed by themselves, approved by the officer,
and in respect to which the obligees had no agency. The

vessel is discharged, and the only remedy of the obligees is on the bond, of which they should not be deprived.

The following opinion was delivered in the supreme court:

*By the Court*, COWEN, J.  The declaration in the court below was on a bond purporting to have been given pursuant to that part of the Revised Statutes which allows summary proceedings for the collection of demands against ships and vessels, 2 *R. S.* 404, *et seq. 2d ed.*  By that act, when a debt of fifty dollars or upwards shall be contracted by the agent or consignee, &c. of any ship or vessel within this state, on account of work done, or materials, &c. furnished for or towards the repairing, &c. of such ship or vessel, it is declared a *lien*, &c. and a judge or commissioner may, on written application in a prescribed form, verified by affidavit, also in a prescribed form, issue his warrant, on which the sheriff may seize and keep the ship or vessel, &c. and take certain steps for a sale and satisfaction of the debt in question.  But at any time before sale, the owner, &c. may apply to the officer issuing the warrant, who may, on taking a bond, with sureties to be approved by him, in the form prescribed by § 13, grant his order discharging the warrant.  The condition of the bond as declared on, conforms to the 13th section, except in omitting to state, that the liens which the obligors bound themselves to pay, should be subsisting liens, &c. *at the time of exhibiting the same respectively.*  On giving a regular bond, the attaching creditors and others, who may introduce themselves pursuant to other provisions of the statute, as parties to the proceedings, are turned over to an action on the bond, in declaring upon which, the creditor or creditors are required to state their respective demands, alleging them to have been incurred *on the request* of the owner, agent, &c. and averring that the respective liens were subsisting liens, &c. at the time of the exhibition

thereof to the officer who issued the warrant, as provided by the statute.

It does not lie with the defendants to object that the surety was not approved of by the commissioner. The waiver of approval was injurious to the plaintiffs if any body. That benefit they have a right to waive, *quilibet potest renunciare juri pro se introducto.*

I am inclined to think that, in general, the declaration upon a bond avowedly sought to be enforced pursuant to a statute authorizing it to be taken under an act of summary coercion, should show the juncture of circumstances which the law requires as giving the right to demand it. Here the bond is to be demanded and taken by virtue of certain specified steps in derogation of the common law, and which the statute has prescribed with great particularity. But as we think the declaration is defective in other respects, it is not necessary to pass definitively on this question; nor do we mean to be understood as doing so.

The condition is to be in a certain form. So far as the latter is concerned, I agree that a substantial compliance with the act is enough; so says the statute in another place, 2 *R. S.* 459, § 33, *2d ed.* and so, doubtless, is the common law. But in the case at bar, too much was exacted of the defendants. They were bound in the condition to pay *all subsisting liens indiscriminately*, whereas the statute, with great propriety, ties up the condition to those *duly exhibited before the judicial officer.* It is supposed, the statute, §·16, gives a summary and informal mode of declaring. No such thing; it requires each creditor, who seeks to avail himself of the bond in declaring, to set out his demand. This is for the purpose of having it seen that the demand is within the act. But the requisites expressly required by the statute are hardly complied with. *No request* is alleged pursuant to the directions of the 16th section.

The variance in date between the declaration and oyer was merely formal; at most, it was objectionable on spe-

cial demurrer. The difference in date between the 12th and 13th of December, showed no defect in the plaintiffs' right. It left an ambiguity as to which was the true date of the bond; *see Wolford* v. *Anthony*, 8 *Bing*. 75; but after verdict it would be too much to allow it for error. We must intend that a bond of the true date was shown on the trial, without objection. It is but an informal setting out of the plaintiffs' title, which is always cured by a verdict. In several respects, the declaration is substantially defective, and the judgment must be reversed.

The judgment of the common pleas was accordingly reversed. Whereupon the plaintiffs below sued out a writ of error, removing the record into this court, where the cause was argued by:

*J. J. Ring*, for the plaintiffs in error.

*S. Stevens*, for the defendants in error.

*Points submitted and argued on the part of the plaintiffs in error:*

I. It is not pretended that the bond has been enforced in this suit prejudicially to the defendants. The declaration distinctly alleges, and the jury expressly found, that " the claim of the plaintiffs was a subsisting lien upon the ship Annawan at the time of the exhibition of the same before the judge, in pursuance of the provisions of the statute." The bond, according to the statute, is conditioned to pay such a claim; and the eighteenth section of the statute is conclusive as to the validity of such a recovery.

II. The objection that no request is alleged, would not have been sustained on special demurrer, because the declaration does allege that *the debt was contracted by the agent*, and that expresses much more strictly the request meant by the statute. *See 1st Sec.* At all events, the declaration is abundantly sufficient to support the ver-

1841.

Ring
v.
Gibbs.

dict, and that is the only light in which it can now be regarded. 3 *Cowen* 684. 11 *Wendell* 374.

III. The bond is not prejudicial in its form to the defendants. It must be *construed* to conform to the statute, in pursuance of which it purports to have been executed. The bond could not be legally enforced against the defendants, except for the payment of claims which the statute declares may be recovered upon it. 2 *Maule & Selwyn* 363. 2 *Barn. & Ald.* 431. 1 *Wendell* 28. 5 *Cowen* 468.

IV. If the bond be prejudicial in its form, to the defendants, it is not therefore void. 1. The officer was bound to discharge the attachment; and the attaching creditors, for whose security the bond was executed, could not have objected to it, unless the bond was prejudicial to *them.* Its being a greater security than was necessary, rendered it wholly unobjectionable. *Ex parte Eastabrook,* 5 *Cowen* 27. *Ex parte Hurlburt,* 8 *Id.* 138. 2 *R. S.* 459, § 33, new ed. 8 *Cowen* 138. 2. As between the plaintiffs and defendants there is a valuable consideration to the bond, although the attachment may have been improperly discharged. The defendants cannot object to the validity of their own voluntary obligation, by means of which they procured the discharge of the attachment, and which has been accepted by the plaintiffs, for whose benefit it was intended. 2 *Ld. Raymond* 1460. 5 *Mass. Rep.* 310. 6 *Cowen* 468. 1 *Wendell* 520. 12 *Id.* 306. 17 *Id.* 70.

*Points submitted and argued on the part of the defendants in error:*

I. The declaration of the plaintiffs sets forth no legal right of action; it is not shown or averred in the declaration, that the plaintiffs below had any right to require or take from the defendants in error, the bond upon which this suit is brought.

II. The bond is not such an one as is authorized or required by the statute, and is therefore void. 1. The effect of the statute is, that the bond is to be conditioned to pay

such demands only as were exhibited to the officer at the time of issuing the attachment, and such as have been brought in under it by petition, prior to giving the bond. 2 *R. S.* 494, § 3; 495, §§ 10, 11, 12 *and* 13. The bond in *this* case requires the payment of *all demands* which have *ever* been exhibited, *without regard to time or place.* 2. The statute requires the bond to be conditioned to pay such demands only as were exhibited to the officer who issued the attachment, and which shall be established to have been subsisting liens upon the vessel *at the time they were respectively exhibited.* 2 *R. S.* 495, § 13. Whereas the bond in this case, binds the obligors to pay the amount of all such claims and demands, &c., which shall be established *to have been subsisting liens upon the vessel,* without any limit whatever, as to the time when such demands were subsisting liens.

III. It is a positive and imperative requirement of the statute, that the plaintiff in his declaration on a bond taken in pursuance of that statute, shall state truly, as the case may be, whether the debt sought to be enforced was contracted at the *request* of master, owner, agent or consignee. 2 *R. S.* 496, § 16. It is submitted, that a failure to comply strictly with this statutory requirement is not cured by verdict. The declaration fails to comply with the requirement of the statute in this respect: it states that the indebtedness was contracted by the agent *or* consignee, but does not state which of them. It does not, in the *terms of the statute,* state the work to have been done, and the materials furnished *at the request* of any one.

IV. It is not found by the verdict *that the sum of fifty dollars or upwards was due to the plaintiffs* upon any claim or demand which, by the provisions of the statute, was a subsisting lien upon the Annawan, *at the time* of the exhibition thereof to Judge Irving. It is upon *such finding only* that there could have been a judgment for the plaintiffs, 2 *R. S.* 496, § 18; otherwise judgment must pass for the defendants, *Id.* § 19. This being an action under a

statute, in derogation of the common law, the proceedings must throughout conform to the statute.

At the close of the argument, the CHANCELLOR said that he was inclined to think that no member of the court could desire time for consideration before proceeding to judgment in this case. It appeared to him a very plain case. The supreme court had held the bond void, but he could not perceive for what reason. It was not a bond taken *colore officii*, for though taken by the officer who had issued the warrant, it was not a bond to himself, but was executed to and for the benefit of the parties suing out the warrant.* Nor did the variance of the condition from the terms of the statute, render the bond void. It was voluntarily executed by the obligors, and though broader in its terms than could have been required by the obligees, the latter had no right on that account to object to it; nor can the former, having had the full benefit of the proceeding, complain that they had bound themselves to do what could not have been required of them. As to the defects in the declaration, such as the want of averment of *request* and the like, the presumption of the law is, that all facts necessary to entitle the plaintiffs to recover were proved on the trial, or the jury would not have found a verdict for the plaintiffs; these defects, therefore, constituted no cause of error. He was of opinion that the judgment of the supreme court ought to be *reversed*, and that of the common pleas affirmed.

Whereupon the question was put, *Shall this judgment be reversed?* and all the members of the court present, who had heard the argument of the case, (twenty-two in number,) answered in the *affirmative*.

The judgment of the supreme court was accordingly REVERSED.

---

* See *Acker* v. *Burrall*, 21 *Wendell* 605, and S. C. in error, 23 *Id.* 606.