### SHAW and others *vs.* TOBIAS.

In an action upon a statutory security, as a replevin bond, the declaration need not aver in terms that the bond was taken in pursuance of the statute. It is enough if the instrument, as set forth, is in accordance with the statute.

In pleading it is unnecessary to state matters of which the court is bound to take notice, such, for example, as the common or public statute law.

In criminal prosecutions for an offence created by an act of the legislature, a reference to the statute is required in order to inform the accused of the nature and character of the offense; and so in penal actions founded on statute. *Per* RUGGLES, J

In an action on a replevin bond against the surety, the declaration need not state that the bond was executed *on behalf* of the plaintiffs in the replevin suit.

And when the action is upon a bond executed to a *coroner*, the declaration need not state that the writ of replevin was directed to the coroner. That fact will be presumed from the *giving of the bond to him*, the commencement of the suit in replevin, and the taking of the property under the writ.

Although the statute requires two sureties in a replevin bond, the party for whose benefit it is taken may waive the objection that there is only one, and if he does, the makers of the bond can not resist a recovery thereon on that ground.

A replevin bond with only *one surety* is not within the statute declaring void certain bonds, agreements, &c. taken by sheriffs and other officers, *colore officii.*

ON appeal from the superior court of the city of New-York, where Shaw and others, as assignees of Brown, late coroner of

the city of New-York, sued Tobias upon a bond given on the commencement of an action of replevin. The questions arose upon the declaration, which set forth a bond executed by the defendant in the penalty of $1283, with a condition framed according to the statute in such cases. It then averred that the defendants in that suit (the present plaintiffs) recovered judgment for the sum of $1378,98 damages and costs; that execution was issued and returned unsatisfied; and that afterwards the coroner assigned the bond to the plaintiffs. The breach assigned was the non-payment of the sum recovered. The questions are stated in the opinion of Ruggles, J.

*A. S. Garr,* for appellant.

*G. C. Goddard,* for respondents.

Ruggles, J.    This was an action of debt on a replevin bond executed by the defendant Tobias to one of the coroners of the city of New-York, dated 14th September, 1837, in the penalty of $1283, conditioned for the prosecution with effect and without delay of a replevin suit which Georgiany Mahoney and George Trull had commenced in the New-York common pleas against the plaintiffs in this suit, for taking and detaining certain goods, and for the return of the property replevied if return should be adjudged, and for the payment to the defendants in the replevin suit (who are the plaintiffs here,) of all such sums as might be recovered by them against *Mahoney and Trull* in that suit.

The defendant Tobias pleaded *non est factum* and eight other pleas, the last of which being the 9th was, " that there was not, at any time, any sufficient consideration for the defendant's making of the said writing obligatory." Issues of fact were joined on the first eight pleas. To the ninth the plaintiffs replied " that there was a sufficient consideration for the defendant's making the said writing obligatory." To this replication the defendant demurred, assigning several causes of demurrer. The court below gave judgment for the plaintiffs on the de-

murrer. The issues of fact were by consent of parties referred to a referee, who reported in favor of the plaintiffs on every issue, and final judgment was rendered accordingly. The defendant moved in arrest of judgment and his motion was denied.

The points presented by the defendant's counsel for consideration by the court, do not raise any question as to the sufficiency of the plaintiffs' replication to the 9th plea. The defendant relies exclusively on showing that the first fault in pleading was in the plaintiffs' declaration: and that that being fatally defective, the court below ought to have rendered judgment for the defendant. The other causes of demurrer assigned may therefore be laid out of the question. If the declaration is substantially defective, the defendant may, I think, according to the case of *The Auburn and Owasco Canal Co.* v. *Leitch,* (4 *Denio,* 65,) avail himself of the defect under his demurrer to the replication. (*See also Lipe* v. *Becker,* 1 *Denio,* 568.) The first objection to the declaration is, that the bond does not appear to be a statutory obligation on which an action could be maintained by the assignees in their own names.

There is no averment in the declaration that the bond was taken in pursuance of the statute. This averment is generally found in the printed precedents of declarations on instruments of this kind; but it is unnecessary. The bond, as stated and set forth in the declaration, appears to be a bond within the statute; which is a public act of which the courts are bound *ex officio* to take notice. They can not but see that the bond is such as the statute prescribes and authorizes. An averment that it was made in pursuance of its authority, would be only a repetition of what is otherwise sufficiently set forth. It is never necessary in pleading to state matter which the court is supposed to know, and of which it is bound to take notice, and therefore it is unnecessary to state mere matter of common or public statute law. (*Stephens on Plead.* 351, 2, 3.) A promissory note derives its negotiable quality in England from 3 *and* 4 *Ann, ch.* 9, and here from our own statute. (1 *R. S.* 768.) But in England it is not necessary in a declaration by the indorser against the maker to state that the note was made in

pursuance of the statute, or that the defendant became liable to pay by force of the statute. (*Chitty on Bills,* 578, *Springf.* *ed. of* 1836.) Nor am I aware of any decision in this country declaring such an averment necessary. In criminal prosecutions for an offence created by an act of the legislature, a reference to the statute is required for the purpose of informing the defendant, distinctly, of the nature and character of the offence ; and so in penal actions founded on a statute, for substantially the same reason. But this action is founded not on the statute but on a contract into which the defendant voluntarily entered, and he can not be supposed to be unacquainted with its legal force and effect. The defendant objects to the declaration as defective in not containing an averment that the defendant executed the bond *in behalf* of Mahoney and Trull, the plaintiffs in the replevin suit. But it appears by the declaration, that the bond was given for the prosecution of the replevin suit, and by which Mahoney and Trull were enabled to take the goods in controversy in that suit out of the hands of the plaintiffs in this suit, and which, without a bond, could not have been done. No further averment can be necessary to show that the bond was executed in behalf of the plaintiffs in the replevin.

Another objection to the declaration is the want of an averment that the writ of replevin was directed to the coroner. It is true that unless the coroner had the writ he had no authority to take the bond. But the declaration shows that on the giving of the bond in question, the replevin suit was commenced, the plaintiff's goods taken, the suit removed from the common pleas into the supreme court, and judgment rendered there in favor of the present plaintiff for their value. The coroner then must have had the writ, because he could not have taken the goods without having the bond and the writ also. The giving of the bond by the defendant to the coroner is at least *prima facie* evidence that the writ was directed to him, and the declaration is therefore sufficient.

The statute requires the bond to be executed " with sufficient sureties." Under this statute it has been decided that the defendant in replevin is entitled to two sureties in the replevin

bond; and if in this respect the plaintiff fails in complying with the statute, the defendant may move to set aside the plaintiff's proceedings, but the plaintiff will have leave to amend. ( *Whaling* v. *Shales*, 20 *Wend.* 67.) Or the defendant may except to the sufficiency of the bond. (18 *Wend.* 523.) But it is no where decided that the bond is void for not having two sureties. Nor can the plaintiff's proceedings be set aside as irregular on the ground of such a defect in the bond, unless the defendant makes the application in season, and before he waives the irregularity by pleading. The provision in the statute requiring two sureties, and the power of exception to their sufficiency, or of moving to set the plaintiff's proceedings aside, are provisions for the benefit and safety of the defendant in replevin. If the bond is substantially good, without the sureties, and entirely satisfactory to the defendant, it would be absurd to require him to take proceedings to make it better. He may waive a strict compliance with the statute by the plaintiff in regard to those matters which are unimportant to himself. But after the plaintiff has obtained possession of the property in dispute by acting on the bond as a lawful and valid security, neither he nor his surety ought to be permitted to get rid of it by alledging that it is not so strong or so perfect as the defendant might have required him to make it. It is enough that it contains all the essentials of a valid contract, and answers all the purposes intended by the statute.

Sheriffs and other officers who take bail bonds and jail liberty bonds, are held to a strict compliance with the statutes under which those securities are taken; but for a reason which does not apply to the present case. Those bonds are executed by persons who are under legal restraint; and for the purpose of avoiding confinement within prison walls. The parties to those contracts do not stand on equal ground in making them. The party executing the bond is in the power of the officer; and a strict compliance with the statute is necessary to prevent oppression and abuse of that power.(*a*) But a replevin bond is given

---

(*a*) See *Winter* v. *Kinney*, (*ante, vol.* 1, *p.* 365.)

by a plaintiff who is under no restraint. It is purely voluntary, and the danger of abuse is on the other side, for by means of the bond the plaintiff is enabled to take property out of the hands of the defendant before the right has been adjudged between the parties. The obligor in this case does not object that the defendant has violated the statute, but that it was not c mplied with on his own part, and this after he or his principal has had the benefit of the bond in all respects as if the statute had been complied with. Such an objection can be of no force. The bond, therefore, is valid and binding, and if the declaration is defective at all it is so only in matters of form, of which the plaintiff can not avail himself on a demurrer to the replication, or in arrest of judgment.

Judgment affirmed.