NEW-YORK PRACTICE REPORTS. 343

Hoogland and Van Wicklen, overseers, &c., agt. Hudson and others.

## SUPREME COURT.

HOOGLAND & VAN WICKLEN, overseers, &c., agt. HUDSON AND OTHERS.

A *bond* executed by the putative father of a bastard child, under section 14, (*Title* 6, *Chap.* 20, *Part* 1, *Vol.* *1st*, *R. S.*, 645,) embracing conjointly, *the two conditions* in that section is a *nullity*. No action can be maintained upon such a bond, because the action upon one of the conditions (for payment under the order of filiation,) is to be brought by the overseers of the poor, and upon the other condition, (to appear at the Court of Sessions,) by the District Attorney of the county, in the name of the people. Besides, the statute requires such bond to contain *either* in the alternative, that is: it says, "with one *or* other of the following conditions."

The provisions of the Code (*section* 111,) requiring that actions should be prosecuted in the name of the real parties in interest, is inapplicable to suits by official persons in their name of office, under special authority conferred by statute, (*section* 113.)

A demurrer which states that, "the complaint does not state facts sufficient to constitute a cause of action," is sufficient.

*Westchester Special Term, September* 1853. *Demurrer to complaint.*

E. J. BEACH, *for Plaintiffs.*
NEWTON & REED, *for Defendants.*

S. B. STRONG, Justice.—This is not an action against the putative father for the support or sustenance of his bastard child, which could be maintained under the 51st section of title 6, of the 20th chapter of the first part of the Revised Statutes, by the overseers of the poor. It has been instituted against

the alleged father and his sureties, on a bond executed by them upon an order of filiation, made by two justices, and must be sustained by that, if at all

The bond is set forth in the complaint, and literally it has two conditions; first, that the defendant, Hudson, the alleged father of the child, should *appear* at the next General Sessions to be held for the county of Queens, and not depart the court without leave, and second, that he should pay the sums for the support of the child and the maintenance of its mother, which had been ordered by the justices, or which should at any time thereafter be ordered by the court of General Sessions, and should indemnify the town. The objection to the bond is that the statute does not provide for one with these conjoined conditions, but it directs that the bond shall contain *either* in the alternative. The words are " one or other " of such conditions. (Section 14.) A strict compliance with this direction is not a mere matter of form, but is very material. The effect of the bond depends upon which of the alternatives is taken, and is widely different in the two cases. When the condition is, that the father shall perform the order of filiation and settlement, and indemnify the public, he is concluded thereby, and can appeal from no other part of it than such as fixes the weekly or other allowance to be paid, (section 24,) and then in case of a breach, the bond must be prosecuted by the overseers in the name of the People of the State. (Section 47.) Where the condition is that the putative father shall appear at the court of General Sessions, the bond is to be deemed an appeal from the order of filiation, and then, in the event of a forfeiture, it must be prosecuted by the District Attorney of the county. (Section 46.) Now if this bond contains the *two* conditions, they are so variant in their nature and effect that it cannot be sustained. If it should be construed as containing but one of the two, which shall be rejected? Ordinarily where there are contradictory provisions in a written document, (except in a will,) that which is first inserted has the preference. Where the contradiction exists in provisions which are to exempt a party from a penalty, it would seem to be proper to give him

Hoogland and Van Wicklen, overseers, &c., agt. Hudson and others.

the benefit of that which is the most favorable to him. Upon either principle, the condition for the appearance of the putative father must, should either prevail, be the operative one in this case. In that supposition this action would fail, as it has not been prosecuted by the District Attorney, nor does the complaint set forth any breach of that condition. It is also a fatal objection, if the action is brought for the breach of the other, that it is not in the name of the people. The provisions of the Code (section 111,) requiring that actions should be prosecuted in the name of the real parties in interest, is inapplicable to suits by official persons in their name of office, under special authority conferred by statute. (Section 113.)

If the adjudication of the Court of Sessions, that the bond in question was one of submission to the order of filiation, and not of appeal, was conclusive as to its character, that would not aid the plaintiffs, as, on that supposition, the action should have been brought, as has been already said, in the name of the people. But a decision of that point was unnecessary. That court had no jurisdiction, as the bond, by reason of its doubleness, was a nullity. It is well settled that a party is not estopped by the decision of a summary point against him, and particularly where there is a valid reason to support the judgment, as a party cannot be driven to a higher tribunal to reverse a bad argument. This question, however, is not raised by any of the pleadings in this suit. The fact is stated in a certificate which accompanied the plaintiffs' points, and if the point was of any importance, it might well be questioned whether I could take it into consideration.

The fatal objection to the plaintiffs' suit is, that for the reasons which I have stated, the complaint does not state facts sufficient to constitute a cause of action. If the case is to be decided on the defendants' demurrer to the complaint, that specifies this as one of the grounds. It is true that it is in general terms, but the Code requires nothing more directly, nor am I inclined to extend its exactions by implication. Among the papers submitted to me are an answer, and a demurrer to that interposed by the plaintiffs. I know not why these last

papers are entitled to any consideration, as they were, in effect, superseded by the defendants' demurrer. They can make no difference in the result, however, as I am inclined to think that the old rule, that on a demurrer to an answer the sufficiency of the declaration in matters of substance may be questioned, still prevails, where the objection to the complaint is, that it does not state a valid cause of action. By the 148th section, all other objections are waived, if not taken by demurrer or answer, but that which I am considering is expressly excepted, and is therefore left as it was at common law.

There must be judgment for the defendants.