## ALMY SLACK *v.* JOHN HEATH and JOSEPH H. COLTON.

An undertaking, under § 211 of the Code of Procedure, given by a defendant to procure a return of the property to himself, in an action to recover the possession of personal property, is not invalid because taken in the name of the plaintiff in the action.

In an action against the sureties upon such an undertaking, it is not necessary to aver the issuing of an execution against the property of the defendant, and its return unsatisfied. The parties to the undertaking are bound absolutely for the payment of the judgment, and must see to it that such payment is made.

In such action the plaintiff is not required to aver or prove the regularity of the proceedings in the replevin suit.

Where it appears that the instrument was given in pursuance of a statute requirement, in a form prescribed thereby, and in a case within the statute; those facts constitute a sufficient consideration to support it, though it be without seal, and no further averment of consideration is necessary.

In such case, the complaint in the action against the sureties, upon the undertaking, need not allege that the property was in fact returned by the sheriff or coroner to the defendant in the original action.

Where the complaint does not show that the undertaking is a statutory security, then it must be regarded as a voluntary contract, to support which a consideration is necessary;· and if the consideration on its face appears future, executory and conditional, it must be averred that the consideration was performed or executed.—*Per* WOODRUFF, J.

In declaring upon an undertaking, given in an action to recover the possession of personal property, when the undertaking with its recitals is set forth in

the complaint, and it in form purports to have been given to procure the return of the property to the defendant; it is sufficient to aver that it was taken in *an action,* without describing the action or alleging that it was given in a case within the statute, and without averring facts which constitute a case within the statute. The recitals in the undertaking itself will suffice, in lieu of averments of the facts recited.—INGRAHAM, FIRST J., and DALY, J. *concurring;* WOODRUFF, J., *dissenting.*

An averment that the complaint does not state facts sufficient to constitute a cause of action, is a demurrer and not an answer, and it is improper to insert such a statement in an answer.

The right to avail himself of this objection at the trial is preserved to the defendant by § 148 of the Code, whether set up by demurrer or not.

Although, under § 151, a defendant may demur to one or more of several causes of action, and answer the residue, he may not both answer and demur to the same or to the whole alleged cause of action.

The direction in § 176 of the Code, to disregard errors or defects in pleadings or proceedings, applies to those only which do not affect the substantial rights of the adverse party.

Hence, where it does not appear by the complaint that a cause of action exists; a judgment should not be affirmed on appeal, because the court is satisfied that, as matter of evidence, a cause of action does in fact exist.—*Per* WOODRUFF, J.

THIS action was brought against Heath and Colton, upon an undertaking signed by them.

In 1850, Almy Slack, the plaintiff, commenced an action against Thomas Carnley, sheriff, to recover the possession of personal property. The property was taken from the sheriff by the coroner. Carnley being desirous that it should be returned to him, procured the undertaking, now in suit, to be given by the present defendants.

The plaintiff's complaint in the present suit alleged, that she commenced an action against Carnley, and that in the course of that action the undertaking was given by the defendants, and then set out the undertaking in full.

But the complaint did not state the nature of the action, nor what proceedings were had therein, nor aver that the undertaking was given in pursuance of any statute.

After setting out a copy of the undertaking, which was without seal, the complaint stated that the plaintiff recovered a judgment against Carnley, which was still unpaid.

Slack v. Heath.

The answer averred, that the judgment against Carnley might be collected by issuing an execution thereon, and alleged fraudulent collusion between the plaintiff and Carnley to collect it from the defendants; that no execution against Carnley had been issued, and also insisted that the complaint did not contain facts sufficient to constitute a cause of action.

On the trial, before DALY, J., neither party introduced any evidence, and judgment was ordered for the plaintiff for $1,163 76, on the pleadings. The defendant appealed.

The substance of the pleadings and the grounds of objection to the complaint are stated in the opinion of WOODRUFF, J.

On the question whether the recitals in the undertaking, of which a copy was given, could be taken as a substitute for averments of the facts recited, the court were divided, a majority being of opinion that they might be so treated. Upon the other points raised, the judges all concurred in the opinion of Judge WOODRUFF.

*Elisha W. Chester*, for the appellants (defendants).

*Clarkson N. Potter*, for the respondent (plaintiff).

WOODRUFF, J.—This action is prosecuted by the plaintiff, upon an undertaking signed by the defendants, which purports to have been given to the plaintiff, in an action brought by her against Thomas Carnley, sheriff, &c., in which she claimed the delivery to herself of certain personal property, and in which she had caused the same to be taken by the coroner. And, after reciting such action, and the taking of the property by the coroner, the instrument declares, that for procuring the return of such property to the defendant, (Carnley,) and in consideration thereof, the defendants herein, (Colton and Heath,) undertake and become bound to the plaintiff, in the sum of one thousand dollars, for the delivery of the said property to the plaintiff, if such delivery shall be adjudged, and for the payment to her of such sum as may, for

any cause, be recovered against the said defendant (Carnley) in that action.

In declaring upon this undertaking, the plaintiff avers that she commenced an action, in the Supreme Court, against Thomas Carnley, and that in the course of such action such proceedings were afterwards had, that the present defendants made and delivered to her a certain undertaking, in writing, " whereof the following is a copy," setting forth a copy of the purport above stated, and making profert of the original; and then further avers, that she afterwards recovered, in the Supreme Court, judgment in said action against the said Carnley, for ten hundred and eleven dollars and fifty-six cents, and that the defendants, though often requested so to do, have not paid the said judgment, nor any part thereof, but the same remains wholly due and unpaid.

The answer consists of three parts:

*First.*—That the judgment against Carnley is good, and might be collected by an execution against him; but that the plaintiff, by some fraudulent agreement or understanding with Carnley, is, by this action, endeavoring to collect it from the defendants, as his sureties, instead of collecting it from him.

*Second.*—That the plaintiff has no cause of action against the defendants, until an execution against their principal (Carnley) has been issued and returned, and that none has been issued.

*And, third.*—That the complaint does not state facts sufficient to constitute a cause of action.

Upon the trial, the court, at special term, directed the jury to find a verdict for the plaintiff upon the pleadings, neither party producing or offering any evidence; and upon their verdict for the sum named in the undertaking, with interest thereon from the alleged date of the judgment against Carnley, the court, at special term, ordered judgment, from which the defendants have appealed.

As no fact alleged in the complaint is denied by the answer, and as the defendants offered no proof of any matter

alleged in his answer, it is obvious that there was no question of fact to be submitted to the jury.

It is equally obvious that if, before the plaintiff could maintain her action against these defendants, she was bound to issue an execution against Carnley, she should have averred the issuing and return of such execution in her complaint.

The question, therefore, before the court, and the only question, was whether the plaintiff's complaint contained a statement of facts sufficient to constitute a cause of action against the defendants.

There is no warrant in the Code for inserting in the answer, as has been done here, the claim that the complaint is insufficient. Such a claim is a demurrer, and nothing else, and although a defendant may demur to one or more of several causes of action and answer the residue, (Code, § 151,) he may not answer and demur to the same, or to the whole of the alleged cause of action.

This is not very material in this case, since it was competent for the defendants to insist upon this objection, when the plaintiff sought a judgment upon her complaint, that objection, whether set up by demurrer or not, being preserved to them by the provisions of the 148th section of the Code.

The question, therefore, to be considered on this appeal is, whether the judge was warranted in charging the jury, that, upon the admitted facts stated in the complaint, and without even the production of the alleged undertaking, the plaintiff was entitled to recover?

This question was argued by counsel for both of the parties, upon the assumption that the undertaking must be sustained, if at all, as an instrument executed in pursuance of the provisions of an express statute, and not as an agreement voluntarily entered into, irrespective of the statute, upon a consideration moving to the parties.

And it seems to me plain, that unless there is enough in this complaint to show that the undertaking in question was given and received under the provisions of section 211 of

the Code, the plaintiff has failed to show a cause of action. Viewed as a mere agreement, there is no consideration acknowledged, and there is no reciprocal agreement made or duty assumed by the plaintiff. She does not, in consideration of the defendant's undertaking, agree to relinquish her claim to the property taken, or consent that it be returned. The consideration does not purport to be past nor present, but is wholly future, executory and conditional. It is for procuring the return of certain property to Carnley, which he desires to have returned to him, and in consideration thereof, the defendants undertake, &c.

Something then remained to be done, which was not yet done, to gratify Carnley's desire; and to procure that, the defendants became bound. As no consideration advantageous to the defendants appeared in the instrument, and as no consideration of prejudice to the plaintiff could arise, until or unless the property was returned to Carnley, the plaintiff should have averred that the return of the property (for the procuring of which the undertaking was given) was made, and had the plaintiff so averred, the complaint would, in my judgment, have been good, even if no statute could be found providing for the making of such contracts. As, for example, suppose the defendant in an action of replevin, as formerly conducted, when there was no such provision to enable him to keep the possesssion of the property replevied, *pendente lite*, had desired to do so, and to that end had procured these defendants to execute a similar agreement with the plaintiff, whereupon the property was, by his consent, returned to such defendant, I know of no ground upon which, upon an averment that the consideration was so executed by the plaintiff, the defendants could have denied their liability.

In the absence of any averment that the property was returned to the defendant, no consideration, either of benefit to the defendants or their principal, Carnley, nor of prejudice to the plaintiff, in any wise appears; and, therefore, if the question before us be considered irrespective of the statute under which it is claimed by the plaintiff that the undertak-

Slack *v.* Heath.

ing was given, the plaintiff does not show by her complaint that the defendants are liable to her upon the instrument. Even if it could be properly insisted that, by accepting such an instrument, the plaintiff became bound to permit or procure a return of the property, the case would be no stronger than one where there were mutual and dependent agreements, in which, as where future performance by the plaintiff is the consideration of the defendant's agreement, the plaintiff must aver performance on his part.

But the plaintiff insists that the undertaking is a statute security, and is given in the form prescribed by the statute, and that, therefore, there was no necessity for expressing a consideration. The original defendant, Carnley, in an action in which his personal property was taken from him, under a claim pursuant to chap. 2d of title 7th of the Code—formerly called the action of replevin—had a right to the return of his property upon delivering just such an instrument as is set out in this complaint, and the instrument is, therefore, a valid obligation.

In this, I think, he is correct. Where a statute prescribes the giving of an instrument and its purport, it is consideration enough that it is given pursuant to the statute and has its sanction. The defendant will not be permitted to claim that he complied with the requirements of the statute, without effecting the purpose of those requirements. To satisfy the statute is consideration enough upon which to rest the obligation assumed.

Nor is the objection that the undertaking should have been made to the sheriff instead of the plaintiff well founded. It is an instrument prescribed in a statute which has introduced great changes in the course of proceeding upon choses in action—a statute which allows the party in interest to prosecute in his own name where he is the sole party in interest. The instrument is taken for the plaintiff's benefit, and is by its express terms to secure the payment of the judgment to her. I think, indeed, that the words "to the plaintiff," which follow "become bound," might have

been omitted; and yet the instrument would have operated in her favor, and been equally valid by force of the statute and of her interest in the subject matter.

It may even be that, without those words, the sheriff might make it available to himself in case he should deliver the property to the defendant before his sureties have justified, and be himself held by the plaintiff responsible (§ 212)— and, possibly, the legislature intended that the sheriff might take an undertaking, which should operate for the benefit of whom it might concern—but if this be not so, the sheriff, even if he prepared the undertaking so as to confine the benefit thereof to the plaintiff and exclude himself, prejudiced no one but himself, and the defendants should not be permitted to object that the undertaking is given in form to the person for whose especial and immediate benefit it was intended.

Nor, in my opinion, was it necessary that the plaintiff should aver the issuing of any execution against the former defendant, Carnley. The undertaking of the present defendants was original and absolute, that the property should be delivered, if a delivery was adjudged, and that the sum which the plaintiff recovered should be paid to her. There is no qualification or condition in this respect. They did not agree that the money could be collected, but that it should be paid. The plaintiff had nothing to do but recover the judgment, and then the duty of the defendants was complete. The averment that the judgment was not paid, is stating a clear breach of the undertaking.

But the question recurs, does it appear, by this complaint, that this instrument was made and delivered in compliance with the statute, so that its force and validity can be supported by it; for (as above suggested) if regarded as a mere agreement between the parties, the complaint is defective.

And upon this question I feel constrained to say, that the complaint does not show that it was taken in pursuance of any statute, nor show facts from which we can say that it was so taken. It is quite true, as was held in *Shaw* v. *Tobias*,

(3 Comst. 188,) that in declaring upon a statutory security it is not necessary to aver in terms that it was taken or given pursuant to the statute, but it must appear that the facts existed, to which the statute applied, for else it could not appear that it was a statutory security ; and such is the whole scope of the decision referred to.

The plaintiff here states, and only states, that she commenced an action, and that such proceedings were had therein, that this undertaking was made and delivered. Now, if our statute provided, that in all actions such an instrument might be given for the purposes mentioned therein, this might. be sufficient ; but it is only in the action formerly called replevin that the statute recognizes any such security; and I know not how to avoid the conclusion, that if the plaintiff wished to set up this instrument as a statutory security, he should have averred that it was made and delivered in such an action. For aught that the plaintiff has averred in the complaint, the action against Carnley may have been for goods sold and delivered, or any other cause.

It is true, that the recitals in the undertaking are to the effect that the action was replevin ; and the averment is, that the defendants made and delivered an instrument containing those recitals ; but this is no averment of their truth. Had there been an averment that such was the cause of action, these recitals would have been evidence that such averment was true ; they may be very valuable as admissions to bind the defendants on the trial, but until the plaintiff has made some averment, to be supported by them, they are of no avail to him. In short, while they are a proper, if not a necessary part of the instrument required by the Code, and might, very properly, be set forth in the complaint, they are evidence of facts and not averments.

The case of *Shaw* v. *Tobias*, above referred to, is cited to us as showing that recitals in the instrument may be taken in the place of averments.

That case warrants no such conclusion. There the plaintiff had declared upon a replevin bond, without averring, in

terms, that it was taken pursuant to the statute. The court held that such an averment was not necessary. The form of the bond in that case was such as the statute prescribed, and so is the undertaking in the present. But there the plaintiff had averred the replevin, and that the bond was given for the prosecution of the replevin suit; that on the giving of the bond, the replevin suit was commenced; that the goods were taken in pursuance of the writ issued for that purpose, and all the facts which were necessary to show that a bond in that form was given in a case within the statute. The court, therefore, knew judicially that the bond was taken pursuant to the statute, as well without an averment in those terms, as with it. Here we know judicially that the undertaking is in a form prescribed by statute, but whether it was made and delivered in a case within that statute, we are not informed, and cannot know without an averment. There, as said in the opinion of the court, the bond as set forth appeared to be a bond within the statute, which is a public act, of which the court should take notice. That is to say, the bond was set forth by averring its making and delivery in a form prescribed by statute, in an action and for a purpose within the provisions of the statute. So that every fact, showing that it was a statutory bond, was alleged, and the court (bound to take notice of the statute as a public act) could, therefore, judicially declare it to be such a bond. But the court could not judicially know, from the form of the bond alone, that it was given in a replevin suit, however they may know that it was in a form appropriate to such an action.

In the case of *Loomis* v. *Brown*, 16 Barb. S. C. Rep. 325, the court sustained a declaration upon a bond given on the granting of an injunction. But there the declaration averred the existence of the circumstances which made the giving and taking of such a bond proper, to wit, the commencement of a suit in which an injunction was granted by a justice of the court, and in which issues were joined and judgment rendered. The complaint there did set forth just what the pleader here has omitted, viz., " the nature of the suit, so

far as to say that an injunction was granted in it." Had the pleader here set forth the nature of the action so far as to show that personal property had been replevied or taken therein, the cases might be deemed parallel.

In *Ring* v. *Gibbs*, 26 Wend. 502, the complaint also averred the pendency of proceedings, in which such a bond, as was declared upon, was appropriate, and therefore does not conflict with these views; and although other defects were urged by the defendant's counsel, the court felt at liberty to intend after verdict that the proper proof was given, supplying the defects. Here we are considering the question, whether the plaintiff could recover upon these pleadings without any proof whatever, for such was the charge of the court.

In *Gould* v. *Warner*, (3 Wend. 54,) the court say, of an action on the replevin bond, "the declaration should set out concisely all the proceedings in the replevin suit; and such were the forms of pleading on such bonds heretofore." (See 2 Chit. Pl. 212 to 216; and 3 id. 244; and so, also, is the form given in 3d Burrill, cited by the plaintiff's counsel.)

It is true, that much of the minute particularity and detail found in Chitty may now be dispensed with; but I find no warrant for saying that it need not be averred, that the bond was taken in, or for the prosecution of an action of replevin. (*Phillips* v. *Price*, 3 M. & S. 180; and note to 1 Bos. & Pul. p. 381.)

I regret the conclusion to which I must arrive, but if the plaintiff relies upon his undertaking as a statutory security, I think he is bound to make such averments as show that it is not only such in form, but that the case in which it was given was within the statute. I apprehend that a declaration on a a bail bond, which did not aver the issuing of the capias and the arrest, or a declaration in a bond for the jail liberties, which did not aver the imprisonment, could not be sustained, and yet the recitals in such bonds disclose these facts.

The defect in the present complaint could easily have been supplied by amendment, and I cannot doubt that the court would have allowed such amendment at the trial. Indeed, if

the 176th section of the Code could be so construed as to embrace such a case, I should be disposed to disregard the defect on this appeal. It is quite probable that the defendants would suffer no injustice. The admitted fact that the undertaking was executed by the defendants is ample assurance that, in truth, the action was within the statute. But the court are only directed to disregard a defect " which shall not affect the substantial rights of the adverse party." And to say that we may affirm a judgment where it does not appear, by the complaint, that a cause of action exists, because we are satisfied that a cause of action does, in fact, exist as matter of evidence, would, I think, be pushing the construction of that section too far. The defendant has urged this very objection, and relied thereon from the outset, setting it up in his answer. I do not think we can now sustain his objection as well taken, and still disregard it.

It is urged, with some plausibility, that an averment that the personal property mentioned in the undertaking was returned to the former defendant, Carnley, is also necessary; that even regarding the instrument as a statutory security, it is necessary to show that it was acted upon; that the object for which it was given was accomplished, and that the consideration (purely executory, when the instrument was made and delivered) was performed; that it would never have been deemed sufficient in an action on the replevin bond to state the purpose and object for which it was given, and its execution in proper form, without averring, also, the replevin by the sheriff. It should, however, be observed, that a replevin bond was in the nature of an indemnity, and if there was no replevin, there could be no loss. While it is probably true here, that even if the property was not returned to the former defendant, Carnley, the plaintiff lost, by reason of the undertaking, the right to compel the officer to deliver the property to him; and yet, on the other hand, although it is argued that upon the delivery of this undertaking Carnley could have compelled the return of the property to himself, still these defendants could not. It

is, however, unnecessary to express an opinion upon this question.

The various objections made to the failure of the plaintiff to aver and prove the regularity of the proceedings in the suit against Carnley, seem to me unfounded. (See *Gould* v. *Warner*, and *Shaw* v. *Tobias*, *supra.*)

But for the reason above stated, I think the judgment must be reversed, and a new trial ordered, costs to abide the event. It is, nevertheless, a proper case for an amendment, and the plaintiff should be permitted to amend his complaint in the particulars above referred to, if he desire to do so, before proceeding to such new trial.

INGRAHAM, FIRST J.—I do not think the case of *Shaw* v. *Tobias*, 3 Comst. 188, renders it necessary for us to decide that the complaint in this case is defective. Although the declaration in that case was not deficient in the allegation as to the nature of the action, and, therefore, not open to the same objections as made in this case, still the remarks of the chief justice may be applied to this. He says, the bond, as set forth, appears to be a bond within the statute, which is a public act, of which the courts should take notice. (See 26 Wend. 502.)

In *Loomis* v. *Brown*, 16 Barb. 325, the Supreme Court held, that in an action on a bond given on the granting of an injunction, it is sufficient to aver that an injunction was granted in a suit by a justice of the court. The judge says, " The complaint sets forth the nature of the suit, so far as to say that an injunction was granted in it by a justice of the court, that issues were joined and judgment rendered." This is a sufficient statement. The judge adds : " If it were not, it is the better opinion, that after parties have obtained an injunction, and stayed their adversaries' proceedings, who have suffered damage thereby, it is too late for the plaintiffs in the first suit to set up as a defence to the suit on the injunction bond, a want of jurisdiction to grant the injunction. They are estopped from raising the question."

The application of these remarks to the present case would sustain the complaint, and, under the present system of pleading, where the defect, if it exist, is one which has, in no way, misled the defendants, they should not be allowed to take the objection.

Nor do I think it necessary to aver that the property was returned. The giving of the undertaking deprived the plaintiff of the right to demand the property from the coroner. It then became immaterial to her what the coroner did with the property, nor was she bound to follow it, and see to its delivery by the coroner. Her remedy against the property ceased, and she was left to the undertaking alone for redress. After the giving of the undertaking, the coroner held the property for the benefit of the defendant in the original action. The plaintiff could no longer interfere with it, and the failure, on the part of the coroner, to perform his duty, does not deprive the plaintiff of a security for property which belonged to her, and which the giving of the undertaking prevented her from claiming from the coroner.

In other respects, I agree with Judge WOODRUFF. Under the views I have expressed, the judgment should be affirmed.

DALY, J.—The plaintiff avers that an action was commenced, and that in the course of such action such proceedings were afterwards had, that the defendants made and delivered to the plaintiff the undertaking, which is set forth. The inspection of the instrument shows that it is the kind of undertaking provided for by the statute in an action brought to recover the possession of personal property, and I think that the averment in connection with the undertaking indicates, with sufficient certainty, the nature of that action.

The recitals, moreover, in the undertaking, describe, with all necessary certainty and precision, an action in which the plaintiff claimed the delivery to her of certain personal property, for the delivery of which, in the event of the action being determined in her favor, the defendants became bound, and I know no good reason, under our present system of

Slack *v.* Heath.

pleading, why the recitals in an instrument averred to have been executed by the defendant, should not have the same force and effect in a pleading as a specific averment, alleging the truth of that which the defendant has admitted, by executing the instrument.

I think it is sacrificing too much to form, to hold that where an instrument is set forth in a pleading embodying certain facts admitted by the execution of the instrument, that they are not to be taken as facts constituting a statement of the cause of action without a formal averment of their truth. The real object of a pleading is to apprise the opposite party of the nature of the claim, or of the defence, and where, substantially, it performs that office, it is all that is required. The present pleading, in my judgment, does so. It could not have the effect of misleading the defendant. The nice discrimination of the counsel, who raised the objection upon the trial, may have detected in it a want of that precision and exactness which, before the Code, was deemed essential in setting forth a cause of action, but I think, under the less formal system that now prevails, that it discloses the nature and grounds of the action with sufficient legal certainty; that it notifies the opposite party sufficiently of the nature of the claims intended to be made; and that to uphold such objections would be in effect to determine that technical certainty in a pleading is as necessary now as it was before, and that the abolition by the Code of all the forms of pleading which had previously existed, has been productive of no other result than to leave things precisely where they were.

As my brethren are agreed upon the other points upon which I ruled at the trial, it is simply necessary, those points having been re-argued, to express my general concurrence.

Judges INGRAHAM and DALY concurring, the judgment was affirmed.