THE PEOPLE OF THE STATE OF NEW YORK, *on the relation of* THE COMMISSIONERS OF PUBLIC CHARITIES AND CORRECTIONS OF THE CITY OF NEW YORK, Respondent, *against* MICHAEL LYONS AND EDWARD MORRISSEY, Appellants.

(Decided April 2d, 1877.)

Although by the Statute (1 R. S. 643, § 8), a bastardy bond is required to be taken from the putative father "to the people of this State, with good and sufficient sureties," yet if a bond with only one surety is accepted by the magistrate, the

bond is not therefore void under the provisions of 2 R. S. 286, § 59, which provide that "no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner than such as are provided by law ; and any such bond, obligation or security, taken otherwise than as herein directed, shall be void," and such a bond may be enforced against the principal and surety in it.

The reason and intent of the Statute (2 R. S. 286, § 59) and the class of cases in which it is to be strictly construed, explained. Per CHARLES P. DALY, Ch. J.

APPEAL by the defendants from a judgment of the Third District Court in the city of New York for $107 50 damages and costs.

The action was against the defendants as principal and surety on a bastardy bond taken in bastardy proceedings before a police justice in New York city.

The defense was that the statute required two sureties on the bond in such proceedings, and that the bond in suit having one surety only was void under 2 R. S. 286, § 59, in regard to bonds taken under color of office as being a bond taken in a manner other than that provided by law.

*Thomas Brennan*, for appellants.

*Wm. O. Boyd*, corporation attorney, for the respondent.

CHARLES P. DALY, Chief Justice.—When a statute imposes upon public officers the duty of taking bonds or recognizances, on behalf of the people, in criminal or *quasi* criminal proceedings, and prescribes the form of the bond or recognizance, the number of the sureties, or any other essential requisite, the statute should be substantially complied with. But if something has been omitted in the execution of the bond, it does not lie with the party who has executed it to complain ; as these statutory provisions are for the security and benefit of the people. If any condition or obligation which the statute does not require is inserted by the officer taking the bond, that is quite another matter. It is then void, for the Revised Statutes provide that if any officer shall take any bond, obligation or security, by color of his office,

in any other case or manner than such as are provided by law, such bond, obligation or security shall be void (2 R. S. 286, § 59). By color of office is meant some wrongful act, committed by an officer, under the pretended authority of his office (*Decker* v. *Judson*, 16 N. Y. 442) ; and where bonds, recognizances or like securities are taken compulsorily by an officer, as in cases of arrest, in bastardy cases, or in criminal or *quasi* criminal proceedings, and some condition or obligation is inserted which the law does not impose, or the condition is different from what the law has provided for, the obligation is void and cannot be enforced (*Hall* v. *Carter*, 2 Mod. 304 ; *Rogers* v. *Reeves*, 1 T. R. 418 ; *The People* v. *Meighan*, 1 Hill, 298 ; *The People* v. *Mitchell*, 4 Sandf. 466 ; *The People* v. *Locke*, 3 id. 443; *Hoogland* v. *Hudson*, 8 How. Pr. 343), the reason of the common law rule and of the statutory enactment which makes such obligations void, being to prevent oppression or abuse of power on the part of the officer (*Decker* v. *Judson*, 16 N. Y. 442 ; *Winter* v. *Kinney*, 1 Comst. 368). But where such obligations, though taken by an officer, are for the benefit of a party as in replevin or attachment bonds, the instrument is not void, but may be enforced by the party, having been voluntarily entered into (*Franklin* v. *Pendleton*, 3 Sandf. 572; *Winter* v. *Kinney*, 1 N. Y. 368, 369 ; *Fuller* v. *Prest*, 7 T. R. 110 ; *Ring* v. *Gibbs*, 26 Wend. 502). And so, where in an action or proceeding of this nature, the bond is taken for the benefit of the party, and something is omitted which the statute requires, the bond is not void, but merely voidable, at the election of the party affected, who can have the proceeding set aside, unless a proper bond be given. (*Smith* v. *McFall*, 18 Wend. 523 ; *Shaw* v. *Tobias*, 3 N. Y. 188.) But if he is satisfied with it, it does not lie with the parties who voluntarily executed it, to complain. It was held in *Shaw* v. *Tobias* (3 N. Y. 188) that although the statute requires two sureties in a replevin bond, the party for whose benefit it is taken may waive the objection that there is but one, and that the makers of the bond cannot resist a recovery upon that ground. In *Ring* v. *Gibbs* (26 Wend. 502) the bond

was taken by the officer to release from seizure property taken under summary proceedings. The Court of Errors held unanimously that it was not a bond taken *colore officii*, as it was not a bond taken by the officer to himself, but was executed to and for the benefit of the party suing out the warrant; that though broader in its terms than the statute required, that did not render it void; that being voluntarily executed by the obligors, they had no right to object to it, having had the full benefit of the proceeding, and could not complain that they had bound themselves to do more than could have been required of them.

In the present case the defendant, Morrissey, who executed the bastardy bond as surety, set up as his defense on the trial, that the bond was void, as the statute provides that the putative father shall enter into a bond to the people with good and sufficient *sureties;* and that, in this case, he being the only one who signed the bond as surety; that it was void, not being executed by *sureties.* As in *Ring* v. *Gibbs (supra)*, the bond in this case was not taken by the justice to himself, but was taken for the benefit of the people; and if something was omitted which the statute required, I do not see that it lies with the defendant, Morrissey, who executed it, as surety, to complain. If the bond had been prepared to be executed by two sureties whose names were recited in it, and Morrissey, as one of those sureties, executed it, he would, if it had not been executed by the other surety named, have had a right to object, as in such a case he would have the right to infer that it was to be executed also by the other surety named. But no such case is shown here. Neither the bond nor a copy of it has been returned by the justice; all that appears is what is stated in the complaint, that Lyons was convicted of being the father of the child born as a bastard, and that he, as principal, and Morrissey, as surety, executed the bond, from which we cannot infer that Morrissey executed it with the understanding or impression that there was to be a cosurety. So far as the facts admit of any conclusion it must be simply that he executed a bond in which Lyons was named as principal and he was named

as surety, and there is no reason why he should be allowed
to evade an obligation thus entered into because the justice
did not require another to become cosurety with him.

It is, it is true, a bond given under restraint, but in view
of the mischief that was meant to be suppressed, there is a
material difference between a bond in which something has
been omitted which the statute requires, and one in which
something is exacted which the law will not permit. In the
latter case the party from whom the bond is exacted has a
just right to complain of the wrong that has been done to
him ; whilst in the other, he has no right to complain that
something is omitted, if it can do him no injury. Whilst the
rule is to be rigidly enforced which declares such instruments
void where they are taken by an officer in cases, or in a man-
ner that the law does not allow, to prevent corruption, the
abuse of power or the unlawful exercise of authority, courts
are at the same time not to lose sight of the beneficial pub-
lic objects which the statutes that provide for the taking
of these bastardy bonds were designed to effect, and they
are to be liberally construed, so as to effectually meet the
beneficial end in view and to prevent a failure of the remedy.
If something, therefore, is merely omitted in a bastardy bond,
I do not see why the People, in whose name and for whose
benefit it is taken, may not waive the omission as a party may
waive a defect or omission in a bond or security taken for
his benefit. If such a party may, as was held in *Ring* v.
*Gibbs*, enforce the obligation, although it is more extensive
than the obligors are bound to enter into, I do not see why
the public authorities, in whose name and for whose benefit
this bond was taken, may not waive the omission of some
requirement of the statute, or why the obligor should be
allowed to take advantage of such an omission which can in
no way affect him, unless he has executed the bond under
the supposition that another surety was to execute it with
him, either from the recitals in the bond, or from something
which occurred at or before the execution of it ; and nothing
of that kind was shown in this case.

In *McGowan* v. *Deo* (8 Barb. 340), it was held that the

bond given to a justice of the peace, under the excise law, though not in conformity with the spirit of the statute, was valid; that the bond was not taken *colore officii*, as it was not taken for the personal benefit of the officer, and that it did not therefore come under the class of cases which the statute was meant to suppress. What the statute and the rule of the Common Law especially meant to suppress, were those abuses that arise where sheriffs or other officers take bail bonds or jail liberty bonds, in which case a strict compliance with the law is exacted, as such bonds are given by parties under legal restraint, and the opportunities for abuse is very great, for the parties to such contracts do not stand on equal ground in making them ; the party executing the bond being in the power of the officer. In such cases a strict compliance with the statute, if that provides for the kind of bond, or with the law, is necessary to prevent oppression and the abuse of power ; but where the bond obligation or security given, does not provide for an indemnity to the officer for a breach of duty, and does not necessarily produce an injury, and is not condemned either by the statute or Common Law, it cannot be regarded as *colore officii*, which usually contemplates an act of corruption in which the office is made use of to give to the act the appearance or *color* of authority (*Shaw* v. *Tobias*, 3 N. Y. 192 ; *Decker* v. *Judson*, 16 id. 442), although an evil or corrupt intent is not essential. It is enough that the act is unauthorized by law and against public policy. (*Richardson* v. *Crandall*, 48 N. Y. 348, and 37 Barb. 335.) In *Skellinger* v. *Yendes* (12 Wend. 306), it was held in the case of a constable's bond, which, like the one here, is a bond to the People, that it was no defense to the sureties that it was not in the form prescribed by the statute, and that the town clerk had not, as required by the statute, indorsed his approval upon it.

I think, therefore, that the objection that the bond was void, was not well taken, and that the justice ruled correctly.

It was not necessary that the proceeding should be before two police justices, and that the bond should be approved by them, as was required by the former statute, the statute of

1860 (chap. 508, § 6) having authorized any such proceeding to be taken before one police justice, with the same power, force and effect, as if done theretofore by any two of said justices.

It does not appear from the return that there was any subscribing witness to the bond; and it further appears that the defendant's counsel admitted the instrument and the signatures to it; and afterwards sought to limit his admission to a statement that his client signed a paper, but not a bond. It was in the discretion of the court to relieve him from his former admission, but the court did not, and he was consequently bound by it.

The judgment should be affirmed.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.