ELIZA WHITNEY *et al.*, Respondents, *against* JAMES A. COLE-
MAN, Impleaded, &c., Appellant.

(Decided April 5th, 1880.)

When an instrument in the form of a bond to obtain the discharge
of a mechanic's lien under the statute, conforms to the statutory require-
ments of such a bond in all respects except the attaching of a seal, and
is approved by the court, and the lien is discharged upon filing it, the
parties executing it cannot afterwards, in an action against them upon it,
evade their liability under it because of the omission of a seal.

APPEAL from a judgment of this court, entered on an order
overruling a demurrer to a complaint.

The allegations of the complaint are stated in the opinion.
The defendant Coleman having demurred, upon trial of the
issue of law, his demurrer was overruled, and judgment directed
for the plaintiffs, with leave to the defendant to answer. No
answer having been served within the time allowed, judgment
for the plaintiffs was entered upon the order overruling the
demurrer. From the judgment the defendant appealed.

*T. E. Stewart* and *E. H. Benn*, for appellant.

*Jeroloman & Arrowsmith*, for respondents.

CHARLES P. DALY, Chief Justice.—The judgment below
should be affirmed. The complaint states all that was requisite
to entitle the plaintiffs to recover. It states the filing of two
notices by the plaintiffs, on the 23d of September and the 3d
of October, 1878, to secure two mechanics' liens on property
which is described, together with the name of the owner and
the contractor; the commencement of an action to enforce
these liens; the giving of the instrument annexed to the com-
plaint, to discharge the liens; the approval of it by the court
on the 1st of March, 1878, and the discharge of the liens; the
rendering of a judgment in favor of the plaintiffs in the ac-
tion, against the property described in the notice filed; the
amount of the judgment; that it remains unpaid; and that

liberty was given, by the court, to the plaintiffs, to sue upon the instrument.

Having obtained the discharge of the liens by executing this instrument, it does not lie with the parties who executed it, to object, when an action against them is brought upon it, that it is not a bond, because it has no seal. It is in the form of a bond, and contains all that would be required under the statute in a bond, except the attaching of a seal. It was approved by the court, and the defendant has had the benefit of it, as the liens were discharged upon their giving it; and it is well settled that in such cases, the parties who execute the instrument cannot escape from liability under it, because something was omitted in the form of it (*Shaw* v. *Tobias*, 3 N. Y. 188 ; *People* v. *Lyons*, 7 Daly, 182 ; *Field* v. *Van Cott*, 5 Id. 308 ; *Coleman* v. *Bean*, 1 Abb. Ct. App. Dec. 394 ; *Decker* v. *Judson*, 16 N. Y. 439).

*Kelly* v. *Archer* (48 Barb. 68), on which the defendant relies, has no application, as that was an action for a wrongful taking, in which the defendant relied upon a levy under an attachment, and failed, because the bond given conferred no jurisdiction upon the justice, to issue the attachment, as it omitted a material and necessary condition required by the statute. Had the action, however, been against the sureties upon the bond, a different question would have arisen ; and if *Homan* v. *Brinckerhoff* (1 Denio, 184), on which the defendant also relies, has anything in conflict with the rule above stated, it is overruled by subsequent decisions in the court of appeals, above cited.

The judgment below should be affirmed.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment affirmed.