By the Court.
Bosworth, Ch. J.
—The undertaking set forth in the complaint, is, in form, such as the Code requires to be given, by a party appealing to the Court of Appeals, to entitle such appellant to a stay of all proceedings upon the judgment appealed from.
The defendants’ undertaking is a contract founded upon sufficient consideration to uphold it. (Thompson v. Blanchard, 3 Comst., 335.)
*637 Their promise is absolute and unconditional that Aaron P. Kinyon, their principal “will pay all costs and damages which may be awarded against him on said appeal not exceeding $250;” and also that “he will pay the amount directed to be paid by the said judgment,” (the judgment appealed from) if it be affirmed “and all damages which shall be awarded against the said appellant.”
The complaint alleges that the judgment so appealed from was in all things affirmed on the 15th of January, 1859, and that the sum of $247, costs and damages was also awarded against the said appellant, but that said Kinyon has paid no part of any such moneys.
The defendants’ contract is therefore broken, and the plaintiff has a right of action, upon the facts stated, to recover the amount of the judgment appealed from and the costs of appeal, unless it is essential to a sufficient complaint, that it should allege, that an affidavit of the sureties was served with a copy of the undertaking. (In the matter of Negus, 7 Wend., 499; N. Y. Central Ins. Co. v. Safford, 10 How. Pr. R., 347.)
The complaint states that Kinyon “appealed to the Court of Appeals” from the judgment rendered at a General Term of this Court “and that upon said appeal” these defendants “made and filed with the clerk of this Court for the use of the plaintiff” the undertaking in question and that such appeal has been further prosecuted in the Court of Appeals, and that the judgment appealed from has been affirmed by that Corut.
It was competent for the plaintiff to waive the affidavit of the sureties; as that is required for his protection and not for that of the appellant or his sureties. ( Ward v. Whitney, 3 Sandf. S. C. R., 399.)
When it is said in section 341, of the Code that, “an undertaking upon an appeal shall be of no effect, unless it be accompanied by the affidavit of the sureties, that they are each worth double the amount specified therein;” the meaning is that it shall be of no effect, as a stay of proceedings, or to render the appeal valid. That is not necessarily declaring that it shall not, in any event be obligatory upon the parties executing it.
Section 334, declares, that the appeal shall not be effectual for any purpose unless such an undertaking, as that action prescribes *638 be given, and sections 335 and 336 also declare that although such an undertaking as section 334 describes be given, the appeal shall not stay the execution of the judgment, unless an undertaking in such form and terms is given as those sections prescribe.
A notice of appeal having been given, and an undertaking in proper form having been executed and filed, the Court was competent to allow an affidavit of the sureties to be filed subsequently, had the respondent moved to dismiss the appeal by reason of such defect. (Code, sec. 327, and see Mills v. Thursby, 11 How. Pr. R., 129; Franklin v. Pendleton, 3 Sandf., 572, and S. C., 3 Seld., 508.) The undertaking, clearly, is not a nullity, even though it affirmatively appeared, that no affidavit of the sureties was served with it on the respondent.
And the appellant having received the whole consideration of it, viz., a stay of execution upon the judgment appealed from, until a determination of the appeal by the Court of Appeals was had; the parties to the undertaking are liable.
But it does not appear that such an affidavit as section 341 requires was not served. As against the defendants, the Court have no right to presume one was not served. As against them, the presumption is; if any is to be indulged, that the appellant complied in all respects with the requirements of the Code, inasmuch as it affirmatively appears that the appeal has been prosecuted to a final determination in the appellate Court. The presumption, in the absence of any allegation to the contrary is, that it was regularly prosecuted, in all of its stages.
The judgment appealed from must be affirmed, with costs.