By the Court.*—Moncrief, J.
The exceptions to the admission of testimony, etc., taken by the defendants upon the *165 trial, cannot be considered upon this appeal. “ The rule is to examine the decisions made by the (circuit) judge against the party who has lost thó verdict, and to grant or refuse a new trial according as we find them erroneous or otherwise (Elsey v. Metcalf, 1 Den., 323; Rodgers v. Murray, 3 Bosw., 357).
It remains, therefore, only to be considered whether the facts ' adduced upon the tidal, assuming them to be undisputed, would entitle the plaintiff to a judgment in his favor ? ' Did the proofs uponyvhich the plaintiff rested his case, constitute a cause of action against the defendants named in the action ?
It appears that in the month of March, 1856, one of the justices of this court, in an action wherein the present plaintiff was the plaintiff, and Henry J. David, Don M. M. Turner, Samuel P. Townsend and John Johnson were the defendants, made a certain judgment or decree, wherein and whereby it was adjudged “ by the court that the plaintiff do recover the sum of three thousand five hundred and eighty-six dollars, as well from the defendant Henry J. David, as from the defendant Don M. M. Turner, and from the defendant Samuel P. Townsend, respectively, such sum being the amount of three thousand one hundred dollars with interest, after deducting the amount of nineteen dollars and forty-three cents, etc., * ‘ * * and that the plaintiff have execution against the defendants David, Turner and Townsend severally, for such amount, being three thousand five hundred and fifty-six dollars and fifty-seven cents.
“And it is further declared and adjudged that the plaintiff is entitled to, and that he has an equitable lien upon the fix- ■ tures in such (Mercantile) Hotel, and what remains of the furniture comprised in the schedule to the mortgage, given by the plaintiff to David S. Jones.
“ And it is further declared and adjudged that a Deceiver be appointed to take charge of such furniture and fixtures and sell and dispose of the same for the payment of the said sum of three thousand five hundred and sixty-six dollars and fifty-seven cents, and the interest thereon, until the same be paid.” * * * *
It also appears that on the 17th day of December, 1856, the said justice of this court, in the same action, “ Ordered that the defendants give security within twenty-four hours, by a bond with two sureties in the penalty of five thousand dollars, conditional to pay to the plaintiff the sum of thirty-one hundred dol *166 lars, with interest and costs, or that a receiver he appointed forthwith of the hotel leases, furniture and fixtures mentioned in the plaintiff’s complaint, and in case such security be filed by the defendants, the owner or owners of the said leases, furniture and fixtures, may do what they choose with the same, and that ' the plaintiff’s lien thereon shall cease.” * * * *
Thereupon and on the 18th day of December, 1856, a bond .was executed by the defendant in this action in the words and figures following, to wit:
“ Know all men by these presents, that we, Samuel P. Townsend, of the City of Hew York, and Tappen Townsend, of the City of Brooklyn, and Thomas Wilbur, of the City of Brooklyn, are held and firmly bound unto Samuel Eord,' of the City of Hew York, in the penal sum of five thousand dollars, lawful money of the United States. For which payment well and truly be made, we bind ourselves and our and each of our heirs; executors and administrators, jointly and severally by these presents. Sealed with our seals this 18th day of December, A. D., 1856. Whereas, by a certain order or judgment made at a special term of the Superior Court, held at the City Hall, in the City of Hew York, before the Hon. Mubbay Hoffman, one of the justices of said court, bearing date the first Monday of March, A. D.,-1856, in a certain action in which Samuel Ford was and is plaintiff, and Henry I. David, Don M. M. Turner, Samuel P. Townsend and John Johnson are defendants, wherein and whereby it was adjudged that said defendants David, Turner and Townsend were .bound to pay and said plaintiff was entitled to recover against them respectively the sum of three thousand five hundred and sixty-six dollars and fifty-seven cents, together with certain costs, amounting in the whole to a sum not exceeding four thousand three hundred dollars, subject to a certain liability of the said Ford to pay for certain rooms and the use thereof, in certain premises called the Mercantile Hotel, situate at Humbers 2, 4, 6 and 8 Warren street, in the City of Hew York, and also decreeing that said Ford had an equitable lien upon certain fixtures and furniture in said Hotel for the payment of said sum, as' will more fully appear by the said judgment order, or judgment; and whereas, the said Ford did, on the 16th day of December, 1856, apply tothe said justice, the Hon. Mubbay Hoff- *167 was discharged; the order of course never was appealed from; -m-atj for a modification of the said judgment order, so that a receiver might be appointed to take charge of said property in said Mercantile Hotel, which is charged with said equitable lien, and said justice did thereupon, on the seventeenth day of said December, order that said Townsend be permitted to take said property and do with the same as he might see fit upon his executing a bond with two sureties, who should justify in the sum of five thousand dollars conditioned to pay the amount of said recovery, as by said order will more fully appear, reference being thereunto had :
“Mow the condition of this obligation is such that if the above bounden obligors, or any or either of them shall and will well and truly pay or cause to be paid to the said Samuel Ford the .sum awarded to be due him by said judgment, and all costs and charges ordered to be paid to him thereupon, whenever ordered by the said Superior Court by its final decision, then their obligation to be void, and the obligors to be discharged, otherwise to be and remain in full force and virtue.
“ Witness our hands and seals the day and year first above written.”
[Signatures, c&c.]
The order of the 17th of December, 1856, having been complied with by the execution, delivery and approval of the foregoing bond, Mr. Justice Hoffman discharged the lien of the plaintiff, and the injunction and order for a receiver was also discharged.
It also appears that an appeal was taken from the judgment, on the 1st Monday of March, 1856, to the General Term of this court, and thereafter, and in the month of October, 1857, the general term did render its final decision affirming the hereinbefore recited portions of the judgment so' given and directed by the court at the special term held on the 1st Monday of March, 1856, and also directing, in view of .the fact that the subsequent modification of the judgment (by the order of the 16th of December, 1856,) was not présented at the general term, that the proceedings for the appointment of a receiver be first perfected and concluded, and the said property he sold by the receiver, &c. * * *
*168 This action was brought upon the aforesaid bond averring the facts hereinbefore stated, &c.
A demand was proven to have been made of the defendants Samuel P. Townsend and Tappen Townsend prior to the commencement of this action; no demand was made upon the defendant Wilbur, nor was he served with a summons, nor did he appear in this action.
A computation was made and presented at the trial, of the amount due to the plaintiff from the defendant in this action, the principal sum is, &e. * • * *
Upon the facts thus presented, in my opinion, it is quite plain that the.plaintiff was entitled to judgment; a perfect cause of action is shown; a breach of the condition of the bond upon which the action is brought was established ; the recital in the bond shows that it was given as a substitute and in lieu of the equitable lien, which was adjudged to exist against certain furniture, &c., and it was “ conditioned to pay the amount of said recovery,” being a personal judgment against David, Turner and Samuel P. Townsend for the sum of three thousand five hundred and sixty-six dollars, and fifty-seyen cents; it appears too that upon the delivery of this bond, the equitable lien, the injunction and order for receiver were discharged; that the court by its final decision, at the general term, in the month of October, 1857, did “ order the sum awarded to be due to the present plaintiff by the said judgment made at the special term aforesaid, and all costs and charges ordered to be paid to him thereupon by sustaining and affirming such portions of the judgment below as fixed the amount of recovery, and gave to the plaintiff an equitable lien upon said furniture, &c., as security for its payment.
The objection that the order directing that a bond be given was without authority, the officer making the order having no power to make it, we are of opinion is not well taken—the plaintiff had an equitable lien upon the furniture &c., and an order had been made by which a receiver was to be appointed ; an application appears to have been made to the court that a receiver be appointed forthwith,. and thereupon the counsel for the defendant S. P. Townsend was heard, and the motion was granted unless he gave a bond; this he elected to do and gave the bond in question and the plaintiff’s equitable lien *169 the execution and delivery of the bond to the plaintiff was the voluntary act of the defendant, and was a waiver of defects if any existed (Franklin v. Pendleton, 3 Sandf., 572).
The judgment should be reversed, and a new trial granted, with costs to abide the event.

 Present, Boswokth, Ch. J., and Moncrief and White, JJ