Barbour, J.
The objection of the appellants that the attachment against the vessel in this case was not allowed by an officer authorized by law to perform the duties of á justice of the Supreme Court at chambers is untenable. The statute expressly declares that the chief justice and each of the associate justices of the Superior Court shall be and are authorized to perform all the duties which the justices of the Supreme Court out of term are authorized to do and perform by any statute of this State. (3 Rev. Stat., 5th ed., 359; § 17).
It was not necessary that the application for the attachment should state in what place the specification was filed. Eor the act does not require the filing of a specification unless the ship should have left the port where the debt was contracted before such application is.made ; and in this case she still remained there.
If the specific objection to the attachment, because of the failure of the plaintiff to prove that an undertaking has been given, had been stated to the court upon the motion of the defendant to dismiss the complaint, it is quite probable that the defect in the proof in that regard might have been supplied, if the plaintiff had deemed it necessary. As the question was not raised or passed upon at the trial, there is no decision upon the point which we have power to review.
Independent of that, however, we are bound to assume, in the absence of evidence to the contrary, that the justice who issued the warrant of attachment performed his duty by receiving from the plaintiff the undertaking which is required by the seventh section of the act, previous to issuing such attachment.
The judgment must be affirmed with costs.
Robertson, Ch. J.
This was an action upon a bond executed by the defendants in a certain penal sum (§206), conditioned to pay the amount of all claims and demands, due the plaintiff, established to be subsisting liens on a certain vessel (The Laura Ross), under an act to provide for the collection of demands- against ships and vessels, passed in April 1862 (N. Y. Session Laws, 1862, 987). The bond recited the issuing of a warrant of attachment against such vessel, but not that such bond was given to procure its discharge; nor is there any evidence that it was given for such purpose.
*424 The only objections on the trial were to the regularity of the issuing of the attachment.
However irregular the attachment may have been, the bond was not void (Ring v. Gibbs, 26 Wend., 502; Franklin v. Pendleton, 3 Sandf., 572; S. C. on appeal, 7 N. Y. [3 Seld.], 508). The oidy questions on the trial were as to the nature and amount of the plaintiff’s claim, and whether it was a subsisting lien (same cases).
The execution of the bond was a waiver of irregularities.
The justices of this court have authority to issue such warrants (Renard v. Hargous, 13 N. Y. [3 Kern.], 259).
There was no necessity of filing a specification of the lien, unless the vessel left the port (Laws of 1862, 957; § 2), as there was no proof that she had done so.
The warrant recites that an undertaking was given; the defendants did not prove the contrary, and every intendment must be made against them.
I concur in affirming the judgment, with costs.