THE BOARD OF SUPERVISORS OF SCHOHARIE COUNTY, Respondents, *v.* JOHN PINDAR, TREAT DURAND, SMITH B. COUCH and ELIJAH LAWYER, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

It is provided by the first clause of section 18, 1 R. S., 369 (as amended by chapter 696, Laws of 1866), that " every person appointed or elected to the office of county treasurer, before he enters upon the duties of his office, shall give a bond to the supervisors of the county, with three or more sufficient sureties, to be approved by the board of supervisors, and in such sum as they shall direct, conditioned that such person shall faithfully execute the duties of his office, and shall pay over according to law all money which shall come to his hands as treasurer, and render a just and true account thereof to the board of supervisors when thereunto required." A county treasurer's bond under this provision was conditioned for faithful execution, etc., and " to render a just and true account to the board of supervisors, or to the comptroller of the State when thereunto required." —*Held*, that the words, " or to the comptroller of the State," did not increase the obligations of the obligor, or oblige or permit him to render an account other than to the supervisors, and should be rejected as surplusage; and that the bond was enforceable by the supervisors against the principal and sureties therein.

A bond taken under this provision is not within the statute (2 R. S., 286, § 59), which renders void bonds etc., taken by a sheriff or other officer *colore officii.*

Nor is a board of supervisors an " officer," nor was the bond in question taken *colore officii*, within the intent of the statute.

Where the complaint in an action by the supervisors upon such a bond states that the treasurer entered upon and continued in the discharge of his duties as treasurer, an allegation that he took the oath of office is unnecessary.

Nor is it necessary to allege that the bond has been forfeited to the know-
ledge of the board of supervisors, or that such board has been required
by the comptroller to put the same in suit.   (1 R. S., 370, § 27.)

And it seems that a demurrer, on the ground that the complaint states no
cause of action, would not lie for an omission to make the latter allega-
tion, if material.

THIS was an appeal by the defendants from an order dis-
allowing a demurrer to the plaintiffs' complaint.

The complaint alleged that in the fall of 1866, the defend-
ant, John Pindar, was duly elected county treasurer of the
county of Schoharie, and entered upon the duties of his office
on the 1st day of January, 1867.   That after such election,
and before entering upon the discharge of the duties of his
office, and on the 14th day of November, 1866, he and the
other defendants executed and delivered to the board of
supervisors the bond set out in the complaint, which was upon
the condition that the said Pindar should faithfully execute
the duties of his office, and should pay according to law all
moneys which should come to his hands as treasurer, and
render a true and just account thereof to the board of supervi-
sors or to the comptroller of the State when thereunto required.
That such bond was approved by the board and duly filed in
the clerk's office.   That said bond thereupon became and is the
official bond of the said John Pindar, as county treasurer, as
provided by law.   That on the 1st day of January, 1867, and
after the approval and filing of said bond, said Pindar entered
upon the discharge of the duties of said office, and so con-
tinued until the 12th day of April, 1869, during which time he
received into his hands money of the county to the amount
of $90,000.   That said Pindar did not faithfully execute the
duties of his office, and it then alleged a breach of the condition
of the bond by negativing its exact language.   It also alleged a
breach of the bond, and non-performance of the duties of his
office by said Pindar, in misapplication and squandering of the
money, etc., etc., in detail; and, among other things, that the
said Pindar had absconded from the county, a defaulter to
the amount of $46,000; that by such absconding, etc., his

office became vacant and his successor had been appointed, to whom he had not accounted or paid over the amount due, but was in default to the county in the sum aforesaid ; and that the defendants, in and by said bond, covenanted and agreed to pay the plaintiff (in case of default, etc., of said Pindar, or of his neglect to account, pay over, etc.), the amount of $20,000, and although said default had been made, and the defendants had often been requested, yet they refused to pay, etc., and were justly indebted to the plaintiff, for the use of the county, said amount, etc., and it demanded judgment for $20,000 and interest.

The defendants, Durand, Couch and Lawyer, who were sureties of Pindar, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and specified :

1st. That the condition of the alleged bond set forth in the complaint was not in the form required by the statute, chapter 696 of the Session Laws of 1866, but was in the form prescribed by an earlier statute, which had been repealed by the said act of 1866, and that said alleged bond was therefore void by Statute.    (2 R. S., 286, first ed., § 59.)

2d. That the condition of the alleged bond set forth in the complaint was not in the form required by law, and therefore void.

3d. That no sufficient breach of said alleged bond was set forth in the complaint.

4th. That the breaches alleged were not applicable to and did not establish any liability on said alleged bond.

5th. That it was not alleged in said complaint that the condition of the said alleged bond had been forfeited, to the knowledge of the board of supervisors of said county of Schoharie, and that said board had been required by the comptroller to put said bond in suit.

6th. That it was not alleged in said complaint that the said county treasurer took the oath of office required by law.

The case was heard on the demurrer at a Special Term held in the county of Schoharie on the third Monday of

October, 1869, before Mr. Justice Hogeboom, and it was ordered that the plaintiffs have judgment on the demurrer with costs, with leave to the defendants to answer within fifteen days on payment of costs. The defendants appealed to the General Term.

*A. J. Parker*, for the appellants.

*H. Krum*, for the respondents.

Present—Miller, P. J., Potter and Parker, JJ.

By the Court—Miller, P. J. The bond, recited in the plaintiff's complaint, was intended to conform to the provisions of the statute (S. L. of 1866, chap. 696, p. 1490), and if in substance as the statute requires is sufficient. I am inclined to think that it is a valid undertaking, and the action brought by the plaintiffs can be maintained. A strict and technical conformity to the statute is not essential to its validity ; and to obviate objections of this character, the Revised Statutes (vol. 2, 556, § 33) provide that whenever a bond is required by law in the cases stated it shall not be necessary " for such bond to conform in *all respects* to the form thereof prescribed by any statute, but the same shall be deemed sufficient if it *conform thereto, substantially,* and do not vary, in any matter, to the prejudice of the rights of the party to whom or for whose benefit such bond shall have been given."

I think it cannot well be denied that the bond is substantially in accordance with the statute which provided for its execution ; and it is difficult to see how it varies from the statute to the prejudice of the plaintiffs' rights to secure which it was executed.

The addition of a clause, by which the obligees are intended to be made liable to the comptroller, who has no right to the moneys, does not, in my opinion, constitute such a departure from the statute or increase the obligation so as to render it invalid. It is not material, and makes

the bond no more onerous than it would have been if this additional clause had not been inserted. It is enough, if sufficient in substance, to secure to the party for whose benefit it was given, all his rights. (*Foster* v. *Tyler*, 7 Paige, 48.) It is no objection to the bond, that it was broader in its terms than was required, so long as no additional obligation is incurred; and it does not, in my opinion, rest with the treasurer, who has had the benefits of the office, and received the money, or his sureties, now to object to it because of the additional clause. (See *Ring* v. *Gibbs*, 26 Wend., 501; *Franklin* v. *Pendleton*, 3 Sandf., 572; *Decker* v. *Judson*, 16 N. Y., 443.) The fact that the condition is in the alternative, and provides that the treasurer shall account to the board of supervisors, or the comptroller, when required, does not leave it to the treasurer to take his choice, nor oblige him to account to anybody besides the plaintiffs. It is of no account whatever, and I think may be rejected as surplusage.

There is no force in the objection that the bond is void, because it is taken *colore officii*. It is not a bond which comes within the provision of the statute on that subject, and the board of supervisors are not " officers " within its requirements. (2 R. S., 286, § 59). The board of supervisors is a body of men organized for certain purposes provided by law. The bond of the county treasurer is to be given to and approved by them, and the statute last cited has no application to them as a body. The section cited is found under that division of the Revised Statutes which treats " of the powers and duties of certain judicial officers." (2 R. S., § 279.) Its object was to impose restraints upon a certain class of officers whose duties, in many respects, were similar to those of sheriffs, who were exposed to temptation; and it is not of universal application to all officers, and to all bonds. (*Webb* v. *Albertson*, 4 Barb., 52; *Shaw* v. *Tobias*, 3 Coms., 192; *Ring* v. *Gibbs*, 26 Wend., 509; *Winter* v. *Kinney*, 1 Comst., 365.) In no sense was the bond taken *colore officii* within the meaning of that term. (*Decker* v. *Judson*, 16 N. Y., 442; *Chamberlain* v. *Beller*, 18 N. Y., 115; *Bur-*

*rill* v. *Acker*, 23 Wend., 607.) In fact this bond was not taken by the board of supervisors at all. It was given or executed to them, and they approved of it. It was the voluntary act of the treasurer and his sureties to enable the former to hold his office. In the cases to which we have been referred, to uphold the position that this bond was taken *colore officii*, the bonds in question were taken under entirely different circumstances from those now presented, and those cases therefore have no application. (*People* v. *Meighan*, 1 Hill, 298; *People* v. *Locke*, 3 Sandf. S. C. R., 443; *Franklin* v. *Pendleton*, 3 Sandf., 572, 573; *Morange* v. *Edwards*, 3 E. D. Smith, 414.)

The bond being valid, and taken substantially as required by law, the breaches alleged which negative its condition, and in addition state the details of the treasurers default in its performance are sufficient. Were it necessary to allege or prove, that the treasurer took the oath of office, the presumption of law is, as he entered upon the duties of his office, and continued to act as treasurer, that he performed his official duty and took the oath of office. It is of no consequence whether the treasurer took the oath of office or not, so long as he acted in that capacity, as the acts of officers *de facto*, are as valid so far as the public are concerned, as if they were officers *de jure*. (*People* v. *Covert*, 1 Hill; 674; *Weeks* v. *Ellis*, 2 Barb., 320 ; *People* v. *Cook*, 8 N. Y., 89.)

I think it was not essential to allege that the bond was forfeited, to the knowledge of the board of supervisors, or that the board had been required by the comptroller to put the bond in suit. The fact of the suit being brought, shows they had knowledge that the bond was forfeited; and in such a case it cannot, I think, properly be claimed, that the requirement of the comptroller under the statute was necessary. (1 R. S., 370, § 27.)

I am also inclined to think, that as the complaint is not demurred to upon the ground " that the plaintiff has no legal capacity to sue," that the question last discussed cannot be

raised. The question which arises by the demurrer is, whether the plaintiffs have *legal authority*, not *capacity*, to sue, and this can only be presented on motion. The order appealed from must be affirmed with costs.

Order affirmed.