# COLEMAN v. BEAN.

December, 1866.

Affirming 14 *Abb. Pr.* 38.

In an action against the sureties in an undertaking purporting to have been given to procure the discharge of an attachment issued as a provisional remedy under the Code, it is not competent to show, in defense, that no attachment was in fact issued; nor is it competent to prove that the sureties were induced to execute the undertaking, by fraud of their principal, unless the plaintiff be connected with the fraud.*

It is not essential to the validity of such an undertaking that an attachment shall actually be issued, or that the undertaking be delivered to the court or an officer. Giving an undertaking which recites the issue of an attachment when none has been issued, is conclusive evidence of a waiver of the issue of an attachment.†

Fraud on the part of a debtor in inducing sureties to sign an undertaking, is no defense to an action by the creditor, against them, in the absence of evidence that he was privy to the fraud.

Robert Coleman sued Aaron H. Bean and Joseph B. Wheelock, in the New York common pleas, on an undertaking or statutory obligation, given by defendants, on behalf of the Galveston, Houston & Henderson Railroad Company, in a former action brought by Coleman in the supreme court against the railroad company.

The undertaking was in the usual form of an undertaking given to procure the discharge of an attachment issued as a provisional remedy under the Code of Procedure. It was entitled in the action of Coleman against the railroad company, and recited that an attachment had been issued in said action to the sheriff of New York, and that the above named defendant (the railroad company) had appeared in such action, and was about to apply to the officers who issued such attachment or to the court, for an order to discharge the same; and thereupon stated that the signers Bean and Wheelock, in consideration of one dollar paid to them, undertook in the sum of

---

* Followed in Onderdonk v. Voorhis, 36 *N. Y.* 358.

† No consideration need be proved; and the fact that the attachment, if issued, was set aside *on counter affidavits*, does not avail the sureties in the undertaking. Bildersee v. Aden, 12 *Abb. Pr. N. S.* 324.

Coleman *v.* Bean.

thirteen hundred dollars, to pay on demand, to the plaintiff, the amount of the judgment which might be recovered against such defendant in that action, not exceeding said sum. The undertaking was sealed.

On the trial, before a judge without a jury, the execution of the undertaking was admitted, and also the facts that at the time of its execution the action named in it was pending; that the defendants, the railroad company, did appear in such action; and that Coleman subsequently recovered judgment therein against the company, for seven hundred and seventy-five dollars.

These facts were found by the court. The only question arising on this appeal was the admissibility of evidence of the following facts, which defendant Bean offered :—

1. That to induce defendants to execute the undertaking, the secretary of the company falsely and fraudulently represented to Bean and Coleman, that an attachment had been issued, and the property of the Company seized under it, and that the execution of the undertaking by defendant was necessary, in order to restore the same, and that by confiding in such representations defendant was induced to execute the undertaking.

2. That the consideration offered in the undertaking was not paid, nor agreed to be paid; but that the undertaking was given in consequence of such false representations and delivered to the secretary, without any consideration.

3. That no attachment was issued or granted in the action, no property seized under any attachment, and no application made to discharge any attachment.

Evidence of these facts was excluded, and judgment given for plaintiff.

*The common pleas*, at general term, held that the recitals, being material, estopped the defendants; and that evidence to contradict them, for the purpose of defeating the instrument, was therefore inadmissible; and that evidence of fraud was not admissible, it not being shown or suggested that plaintiff was privy to the fraud. Reported in 14 *Abb. Pr.* 38. Defendant, Bean, appealed to this court.

*John E. Burrill*, for defendant, appellant.—As there was no

Coleman *v.* Bean.

authority to take or receive such undertaking, it is void as a statutory security; it could only be given on application to discharge an attachment, and even when so authorized, the undertaking must be to the court or officer who issued the attachment. *Code of Pro.* §§ 240, 241. Defendant was not estopped by the recitals, because plaintiff knew that no attachment had been applied for, and, therefore, he was not misled. Caldwell *v.* Colgate, 7 *Barb.* 254; Dezell *v.* Odell, 3 *Hill*, 215; Walker *v.* Paine, 31 *Barb.* 213; Brown *v.* Miller, 6 *Hill*, 496; Homan *v.* Brinkerhoff, 1 *Den.* 184; Mead *v.* Brown, 32 *N. Y.* 279. The evidence of fraud was admissible, because the undertaking was not delivered to plaintiff, but to the secretary of the company, who acted for plaintiff; and plaintiff knew the recitals were false, from the instrument. The want of consideration, in connection with the fraud, is a defense. The instrument was not a statutory obligation, and a consideration cannot be implied. Defendant offered to dispose consideration; he was not estopped by the recital of a nominal consideration; there is no estoppel in behalf of a party guilty of fraud.

*Albert Mathews,* for plaintiff, respondent;—As to evidence of fraud, cited Bank of Chenango *v.* Hyde, 4 *Cow.* 573; Bank of Rutland *v.* Buck, 5 *Wend.* 66; Mohawk Bank *v.* Corey, 1 *Hill*, 513; Spencer *v.* Ballou, 18 *N. Y.* 327; Van Deuzen *v.* Howe, 21 *N. Y.* 531; McWilliams *v.* Mason, 31 *N. Y.* 294; Church *v.* Hills, 8 *Cow.* 290; Belden *v.* Davis, 2 *Hall*, 447; Osterhout *v.* Shoemaker, 3 *Hill*, 516. As to estoppel by the recitals; 1 *Greenl. Ev.* § 23; 1 *Starkie on Ev.* 343; 3 *Cow. & H. Phil. on Ev.* 1442; Carver *v.* Jackson, 4 *Pet. U. S.* 83; Crane *v.* Morris, *Id.* 611; Moran *v.* Miami Co. 2 *Black*, 723, 731; Bowman *v.* Taylor, 2 *Adol. & E.* 278; Falls *v.* Belknap, 1 *Johns.* 487; Haggard *v.* Morgan, 4 *Sandf.* 201; S. C. on appeal, 5 *N. Y.* (1 *Seld.*) 428; Decker *v.* Judson, 16 *N. Y.* 439; Levi *v.* Dow, 28 *How. Pr.* 217; Sumner *v.* Glancy, 3 *Blackf.* 361; Trimble *v.* State, 4 *Blackf.* 435; 8 *Id.* 258; May *v.* Johnson, 3 *Ind.* 449; Guard *v.* Bradley, 7 *Id.* 600; Allen *v.* Luckett, 3 *J. J. Marsh.* 164; Kellog *v.* Beecher, 4 *Id.* 655; Stockton *v.* Turner, 7 *Id.* 192; Stow *v.* Wise, 7 *Conn.* 214; Hunter *v.* Miller, 6 *B. Monroe*, 612; Wood *v.* Chapin, 13 *N. Y.* (3 *Kern.*) 509; Rowntree

Coleman v. Bean.

v. Jacob, 2 *Taunt.* 141; McCosky v. Leadbeater, 1 *Kelley* (*Ga.*) 551; Tubbs v. Lynch, 4 *Harr.* 521; Vaugine v. Taylor, 18 *Ark.* 65; Farrington v. Barr, 36 *N. H.* 86; Belden v. Davis, 2 *Hall,* 434, 447, and cases cited; Hayes v. Askew, 5 *Jones Law R.* (*N. C.*) 63; Sinclair v. Jackson, 8 *Cow.* 585; Oakley v. Boorman, 21 *Wend.* 588; Fisher v. Smith, *Moore,* 569; Jackson v. Alexander, 3 *Johns.* 484, 493; Barnum v. Childs, 1 *Sandf. R.* 58; Shelly v. Wright, *Willis, R.;* 2 *Leon.* 11; Shaw v. Tobias, 3 *N. Y.* (3 *Comst.*) 188; 1 *Phil. on Ev.* by Edwards, 471; 4 *Kent* 260, note; 2 *Black,* 295; Gordtide v. Bailey, *Cowp.* 601; Nash v. Turner, 1 *Esp.* 217; Lainson v. Tremore, 1 *Ad. & E.* 792; Douglass v. Howland, 24 *Wend.* 35; Payne v. Laduc, 1 *Hill,* 116; Thompson v. Blanchard, 3 *N. Y.* (3 *Comst.*) 341; Doolittle v. Dinniney, 31 *N. Y.* 350; 1 *Den.* 184; 7 *Barb.* 254; Acker v. Burall, 21 *Wend.* 605; Same v. Same (on appeal), 23 *Wend.* 606; Ring v. Gibbs, 26 *Wend.* 510; Winter v. Kinney, 1 *N. Y.* (1 *Comst.*) 365; Kelly v. McCormick, 28 *N. Y.* 321; *Pars. on Contr.* 373, 379, 435; Church v. Brown, 21 *N. Y.* 315. As to consideration; McCartee v. Stevens, 13 *Wend.* 527; McCrea v. Parmenter, 16 *Wend.* 460; Coon v. Knapp, 8 *N. Y.* (4 *Seld.*) 402; Wood v. Chapin, 13 *N. Y.* (3 *Kern.*)' 509; Jackson v. Alexander, 3 *Johns.* 454; Jackson v. Fish, 10 *Johns.* 486; Jackson v. Florence, 16 *Johns.* 47; Jackson v. Sebring, *Id.* 515; Jackson v. Caldwell, 1 *Cow.* 622; Bank of U. S. v. Houseman, 6 *Paige,* 535; Meriam v. Harsen, 2 *Barb. Ch.* 267; Childs v. Barnum, 1 *Sandf.* 58; Same on appeal, 11 *Barb.* 15; Goit v. N. P. Ins. Co., 25 *Barb.* 92; Shepherd v. Little, 14 *Johns.* 210. That the plaintiff having waived issuing an attachment, and accepted the undertaking, defendant was concluded by an estoppel *in pais;* Dewey v. Williams, 9 *Wend.* 65; Salem v. Williams, 9 *Wend.* 147; Dezell v. Odell, 3 *Hill,* 215; Decker v. Judson, 16 *N. Y.* 451; Walrath v. Redfield, 18 *N. Y.* 457; Stevens v. Lomberger, 24 *Wend.* 275; Clark v. Jones, 1 *Den.* 516; Goit v. N. P. Ins. Co., 25 *Barb.* 191; Kelly v. McCormick, 28 *N. Y.* 320.

BY THE COURT.—JAMES C. SMITH, J.—The sole question in this case is, whether the court erred in rejecting the testimony offered by the defendants. One branch of the offer was to show, in contradiction of the recitals in the undertaking,

Coleman *v*. Bean.

that no application had been made for the discharge of an attachment in the action in which the undertaking was entitled, and that no attachment had been issued or granted. The counsel for the appellant argues that the defendants were not estopped from thus showing the falsity of the recitals, for the reason that, as the counsel assumes, the plaintiff did not rely upon the faith of the facts recited, or upon the delivery of the undertaking, and was not thereby induced to do anything which he would not have done, or to refrain from doing anything which he would have done, but for the undertaking.

But the assumption is not warranted by the facts of the case, as proved, or as offered to be proved. If, in truth, no attachment was issued, it may have been for the very fact that the plaintiff relied exclusively upon the delivery of the undertaking, and was induced by it to forbear taking out an attachment and seizing the property of the company. He had commenced an action, and, for aught that appears, the case was a proper one for issuing an attachment. It was not essential to the validity of the undertaking that the plaintiff should compel its execution by actually suing out an attachment and making a levy. It was competent for the parties to the action to waive, if they chose, the issuing of an attachment and a seizure of property under it, and for the defendant to give, and the plaintiff to accept, in consideration of the waiver, such an undertaking as the defendant would have been required to give on an application to discharge an attachment actually issued and levied. By such arrangement, the plaintiff would have been debarred from suing out another attachment, and procuring other security from the defendant, in the same action, and the defendant would have been estopped from repudiating his undertaking. We are not to assume, without proof, that the undertaking was executed under circumstances which made it void, but the contrary presumption is to be indulged, if it is consistent with the testimony given, and the testimony offered. Although the statute, under which the proceeding was had, contemplates that the giving of such undertaking shall be preceded by the issuing of an attachment, and shall accompany an application to discharge it, and also directs that the under-

Coleman *v.* Bean.

taking shall be delivered to the court or officer, the non-compliance with those provisions is but an irregularity which the defendant may waive; and the fact of his putting in an undertaking, which recites that an attachment had been issued, and that he was about to apply for its discharge, is conclusive evidence of such waiver. It is enough that the undertaking is binding between the principal parties under such circumstances, to hold the sureties. Many cases may be supposed, in which it would be to the interest of a defendant to make such an arrangement, for the purpose of avoiding expense, annoyance or damage to his credit, by the publicity of levy. It cannot, therefore, be assumed that the plaintiff did not rely upon the delivery of the undertaking, and was not induced by it to refrain from suing out an attachment and making a levy; and if he did thus rely upon it, the defendants were estopped from contradicting its recitals.

There is a plain distinction between the present case, and one where an undertaking is given to procure the discharge of an attachment, which is void for want of jurisdiction of the subject-matter. In the latter case, the whole proceeding being a nullity, the undertaking is of no effect whatever, and the sureties, when sued on it, may defend on that ground.[*] Of that nature, are the authorities cited for the appellant (7 *Barb.* 254; 1 *Denio*, 184); but they are not applicable to the case at the bar, in which there is no evidence of a defect of jurisdiction. The case, therefore, is not within the rule suggested by the counsel for the appellant, and the offer to show that the recitals were untrue was properly overruled.

The ruling was also correct, in respect to the offer to show that the defendants were induced to execute the undertaking by the alleged false and fraudulent representations of the agent of the company, that the recitals referred to were true. It was not proposed to prove that the plaintiff made any false representations, or that he was cognizant of, or had any agency in, the alleged fraudulent conduct of the company. The defendants executed the undertaking, and placed it in the hands of the agent of the company, to be delivered by him to the court or

_____

[*] But even this defense may be waived. Vose *v.* Cockcroft, 44 *N. Y.* 415.

officer for the benefit of the plaintiff, or (which is the same thing, so far as this point is concerned) to be delivered to the plaintiff himself. It having been delivered by the agent, as intended by the obligors, and the plaintiff having received it upon a valid legal consideration, and being ignorant of the alleged fraud, and in no way responsible for it, such fraud cannot be set up to deprive him of the benefit of the undertaking.

As, upon the hypothesis that no attachment had been issued, the waiver and forbearance, which may be properly assumed in such case, formed a good consideration for the undertaking, the offer to show that there was, in fact, no pecuniary consideration for it, was immaterial.

All the judges concurred.

Judgment affirmed, with costs.