CHARLES HARRISON, AS SURVIVOR OF HIMSELF AND JAMES JONES AND HENRY JONES, APPELLANT, *v.* WILLIAM R. UTLEY AND ANDREW J. WILKIN, RESPONDENTS.

*Undertaking in replevin — consideration — estoppel.*

No consideration is necessary to support an undertaking given upon a claim for the delivery of personal property, pursuant to the Code, besides the claim itself.

Certain property claimed by A was in the possession of B. In order to settle the dispute as to its ownership, it was agreed that B should bring an action claiming the delivery of the property. Accordingly an action was commenced and an undertaking was given, signed by the defendants in this action, conditioned for a return of the property or the payment of its value, the possession of the property by A being admitted by stipulation. None of the formalities required by the Code were complied with. The action in replevin having been decided in favor of A, he instituted this one upon the undertaking, the validity of which was denied by the defendants on the ground that it was without consideration. *Held,* that no consideration was necessary to support the undertaking, and that the defendants were estopped from disputing its validity.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court, without a jury.

The action was brought upon an undertaking, in an action of replevin, brought by the Rochester Water-works Company against the plaintiff and his late partner. By this undertaking the defendants agreed that the Rochester Water-works Company, the plaintiff in that action, would return the property involved in that action, 90,000 pounds of cast-iron water pipe, if a return should be adjudged, and pay to the defendants in that action such sum as might, for any cause, be recovered against said plaintiff. The

action in which such undertaking was given proceeded to judgment in favor of the defendants therein, adjudging a return of the pipe to the defendants, or in case it could not be had, that they recover of the plaintiff its value, $2,447.60, and costs of the action, $301.83.

An execution was issued upon this judgment, which was returned unsatisfied.

It appeared that, on the 9th of January, 1869, Messrs. Jones & Harrison recovered a judgment against Alexander Easton for $1,842.89, upon which an execution was issued, and the pipe involved in the replevin action was purchased by them. The pipe was claimed by the Water-works Company at the time, and it was agreed between the engineer of the company and Mr. Siddons, who represented Jones & Harrison, that it should remain upon a vacant lot, where it then was, and not be disturbed by either party without notice to the other. Subsequently the pipe was removed and laid by the company. The attorney of Jones & Harrison was about to take measures to recover the pipe when it was suggested that the Water-works Company should commence an action against Jones & Harrison, claiming the delivery of said pipe; and thereupon, and on or before July 7th, 1870, Mr. Bacon, as the attorney for the company, delivered to the attorney for Jones & Harrison the summons and complaint in the action, which resulted in the judgment and the undertaking on which this action was brought, and a stipulation fixing the value of the property and admitting that the defendants (Jones & Harrison) took possession of the same, and that the same was actually in their possession at the time of the commencement of the action. These papers were submitted to Jones & Harrison who instructed their attorney to appear for them in such proposed action, and adopted such proceeding, in lieu of proceedings on their part to recover the pipe.

*W. F. Cogswell,* for the appellant.

*H. R. Selden,* for the respondent.

GILBERT, J. :

No consideration is necessary to support an undertaking given upon a claim for the delivery of personal property pursuant to the

Code besides the claim itself. That is sufficient to uphold the validity of the undertaking. (*Bildersee* v. *Adin*, 12 Abb. Pr. [N. S.], 324, and cases cited.) Nor is it necessary that the undertaking should express a consideration. (Cases, *supra ;* Laws of 1863, chap. 464.) In all cases the undertaking must accompany the claim, and it becomes an effectual instrument before there has been a delivery of the property. In this case the property in dispute consisted of iron water pipes belonging to the plaintiff which the Rochester Water-works Company had laid down in the streets of that city. The plaintiff, being about to take proceedings to recover the possession of the property, the Water-works Company treated it as in the actual possession of the plaintiff, and brought an action against him to recover the possession thereof. The undertaking in question was given in that action, and the possession of the property remained undisturbed. The formal proceedings, prescribed by the Code when a delivery is claimed in an action to recover the possession of personal property, were omitted. The object of such omission evidently was to obtain a determination of the ownership of the property without the expense and injury which would necessarily have attended an actual transfer of the possession thereof, first to one party and then to the other. The court below held that this omission destroyed the character of the instrument as a statutory undertaking, and that it was void for lack of consideration to support it.

We are of opinion that the court erred. It was competent for the parties to the action to waive the useless formality of a double replevy. They did so, and the rights and interests of the sureties in the undertaking were in no degree affected thereby, except that their liability was diminished by the saving of fees and expenses of the sheriffs which would have been incurred upon an actual replevy. The case does not show that any different result would have followed an actual replevy, than that which was accomplished by omitting it. The undertaking, on its face, purports to have been given in an action brought by the Water-works Company against the plaintiff in this suit. It recites a claim for the delivery of the property of the company, and the defendants undertake that the company shall return the property to the plaintiff in this suit, in case a return shall be adjudged. We think these facts estop

the defendant from denying that the property was claimed by the company, or that it was taken out of the possession of the plaintiff in this suit and delivered to the company. (*Coleman* v. *Bean*, 1 Abb. Ct. App. Dec., 394; 12 Abb. [N. S.], *supra*.) Such facts also constitute an ample consideration for the undertaking, if one is necessary.

The case contains no finding respecting the discharge in bankruptcy of the defendant Utley. That subject, therefore, is not before us.

For the error stated, the judgment must be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.